T. WADE WELCH & ASSOCIATES
Chad M. Hagan (*pro hac vice*)
2401 Fountainview, Suite 700
chagan@twwlaw.com
Houston, Texas 77057
Telephone:  (713) 952-4334
Facsimile:   (713) 952-4994

DLA PIPER US LLP
David A. Grenardo (State Bar No. 223142)
Cynthia A. Ricketts (*pro hac vice*)
david.grenardo@dlapiper.com
cindy.ricketts@dlapiper.com
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 595-3031
Facsimile: (310) 595-3331

Attorneys for Plaintiffs
ECHOSTAR SATELLITE CORP., et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., et al.,<br><br>Plaintiffs/ Counterclaim Defendants,<br><br>v.<br><br>NDS GROUP PLC, et al.,<br><br>Defendants/ Counterclaim Plaintiffs. | No. SA CV 03-950 DOC(JTL)<br><br>**ECHOSTAR'S OBJECTIONS TO NDS'S SEPARATE PROPOSED JURY INSTRUCTIONS**<br><br>Date:   April 9, 2008<br>Time:  8:30 a.m.<br>Dept:  Judge David Carter<br>          Courtroom 9D |

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1    Plaintiffs EchoStar Satellite Corporation, EchoStar Communications

2 Corporation, EchoStar Technologies Corporation, and NagraStar LLC (collectively

3 referred to as "Plaintiffs" or "EchoStar") for their objections to Defendants NDS's

4 Separate Proposed Jury Instructions state as follows:[1]

5

6 **"Stipulated Facts," NDS's Sep. Prop. Jury Instr. at 3-4:**

7    Plaintiffs object to Defendants' Proposed Instruction "Stipulated Facts" on

8 the following grounds:

9    This Court's January 16, 2008 Order establishes that Tarnovsky did not use

10 the alias xbr21 to make the December 23, 2000 posting.  January 16, 2008 Order 1)

11 Granting in Part and Denying in Part Defendants' Motions for Partial Summary

12 Judgment on a) The "xbr21" Posting; b) the "NiPpEr2000" Posting and the Nipper

13 Aliases; c) the Distribution Network, Dependent Claims and § 17200 Claim; and d)

14 Damages After February 2001 or for Piracy of Cards Other Than the DNASP-II,

15 ROM 3 Card; 2) Granting in Part and Denying in Part Plaintiffs' Motion for

16 Summary Judgment on Defendants' Counterclaims; 3) Granting the Parties Leave

17 to Amend the Complaint & Answer; 4) Granting Plaintiffs' Motion to Reclassify

18 Documents; 5) Granting Defendants' Request to Compel; 6) Reopening Discovery;

19 7) Ordering Supplemented Interrogatory Responses ("Jan. 16 Order") at 17.

20 However, whether Defendants are liable for damages arising out of this direct

21 "reposting" or "republication" of the nipperclauz.txt, originally posted on

22 December 21, 2000, is still at issue.

23    The January 16, 2008 Order also establishes that there is a genuine issue of

24 material fact as to the extent of the harm caused by the hacking of the ROM 3 card,

25 and whether it in turn necessitated a global card swap of the entire DNASPII

26 system – including ROM 2, ROM 3, ROM 10, ROM 11.  Jan. 16 Order at 29-41.

27

28

---

[1] NDS did not number their Separate Proposed Jury Instructions, therefore they are referenced herein by title.

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

- 2 -

1    Plaintiffs therefore propose as an alternative their own Separate Proposed

2  Jury Instruction No. 2.  EchoStar's Sep. Prop. Jury Instr. at 4-5, No. 2.

3

4  **"Reverse Engineering," NDS's Sep. Prop. Jury Instr. at 5-6:**

5    Plaintiffs object to Defendants' Proposed Instruction "Reverse Engineering"

6  on the grounds that the last paragraph of the instruction will mislead the jury as to

7  the correct law related to reverse engineering ("For all times relevant to this

8  litigation, the law permitted one company to reverse engineer another company's

9  technology.").

10    The law does not permit one company to freely and without limitation

11  reverse engineer the technology of another.  Rather, a company must obtain the

12  technology that is reversed engineered through lawful means; the reverse

13  engineering must be for lawful purposes; and the act of reverse engineering must

14  not itself violate protections afforded the technology.  *See* 17 U.S.C. § 1201(f)(1)

15  ("a person who has *lawfully* obtained the right to use a copy of a computer program

16  may circumvent a technological measure that effectively controls access to a

17  particular portion of that program for the sole purpose of identifying and analyzing

18  those elements of the program that are necessary to achieve interoperability of an

19  independently created computer program with other programs…to the extent any

20  such acts of identification and analysis do not constitute infringement under this

21  title")(emphasis added); *see also Bonito Boats, Inc. v. Thundercraft Boats,* 489 U.S.

22  141, 159, 109 S. Ct. 971, 982 (1989) (federal patent law protects against

23  unauthorized reverse engineering of patented technology).

24    Moreover, the unlawful conduct in which Plaintiffs have alleged Defendants

25  engaged encompasses multiple acts in addition to reverse engineering, which do not

26  require as a predicate unlawful reverse engineering.  This instruction is therefore

27  unnecessary, and Plaintiffs request that the Court decline to charge the jury with

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1    this instruction.  If the Court charges the jury with this instruction, Plaintiffs

2    propose striking the last paragraph of the instruction.

3

4    **"Digital Millennium Copyright Act – 17 U.S.C. § 1201(a)(1)(A)," NDS's Sep.**

5    **Prop. Jury Instr. at 7-8:**

6          Plaintiffs object to Defendants' Proposed Instruction "Digital Millennium

7    Copyright Act – 17 U.S.C. § 1201(a)(1)(A)" as it misstates the law.  Although the

8    DMCA does not explicitly provide for vicarious liability for circumvention of a

9    technological measure, a defendant may be liable for the circumvention done by

10   another person through common law principles of vicarious liability.  *See Metro-*

11   *Goldwyn Mayer Studios, Inc. v. Grokster*, 545 U.S. 913, 931, 125 S. Ct. 2764, 2776

12   (2005) ("One infringes contributorily by intentionally inducing or encouraging

13   direct infringement, and infringes vicariously by profiting from direct infringement

14   while declining to exercise a right to stop or limit it.  Although '[t]he Copyright Act

15   does not expressly render anyone liable for infringement committed by another,'

16   these doctrines of secondary liability emerged from common law principles and are

17   well established in the law.") (internal citations omitted).  Because these doctrines

18   of secondary liability are at issue, Defendants' Proposed Instruction "Digital

19   Millennium Copyright Act – 17 U.S.C. § 1201(a)(1)(A)" is inappropriate and

20   instead it is necessary to instruct the jury as to the full scope of potential liability for

21   violations of the DMCA.

22         Plaintiffs therefore propose as an alternative their own proposed Jury

23   Instruction No. 7.  EchoStar's Sep. Prop. Jury Instr. at 14-15, No. 7.

24

25   **"17 U.S.C. § 1201(a)(1)(A) - Geographical Boundary," NDS's Sep. Prop. Jury**

26   **Instr. at 9-10:**

27         Plaintiffs object to Defendants' Proposed Instruction "17 U.S.C. §

28   1201(a)(1)(A) - Geographical Boundary" because it misstates the law or will

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

- 4 -

1    mislead the jury as to the correct law.  United States copyright law applies to an act

2    of infringement completed within the United States even though a "primary

3    activity" outside the boundaries of the United States which does not constitute an

4    infringement cognizable under United States copyright law is not a basis of

5    copyright infringement liability.  *Subafilms, Ltd. v. MGM-Pathe Communications*

6    *Co.*, 24 F.3d 1088, 1099 (9th Cir. 1994).  However, a defendant may be liable for

7    copyright infringement consummated in the United States when some conduct

8    leading to that infringement occurred outside the United States.  *E.g., GB*

9    *Marketing USA, Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763

10   (W.D. N.Y. 1991) (German company liable for copyright infringement where it

11   affixed the offending water bottle labels in Germany but sold the water bottles to an

12   American company for distribution).  Therefore, Defendants' Proposed Instruction

13   "17 U.S.C. § 1201(a)(1)(A) - Geographical Boundary," which states that "[c]onduct

14   that did not occur entirely within the United States cannot be a violation of the

15   DMCA," misstates the law.  Instead, a defendant can be liable for a copyright

16   infringement that was consummated in the United States, even when conduct that

17   lead to the infringement occurred outside the United States.

18        Plaintiffs therefore request that the Court decline to give any geographic

19   limitation instruction, and particularly Defendants' Proposed Instruction, because it

20   is contrary to the law.  If the Court charges the jury with Defendants' Proposed

21   Instruction "17 U.S.C. § 1201(a)(1)(A) - Geographical Boundary," at a minimum,

22   Plaintiffs request that the parties and the Court fashion and appropriate, specific

23   instruction concerning any admitted evidence of conduct that occurred outside the

24   United States.

25

26

27

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

**"17 U.S.C. § 1201(a)(1)(A) – Time Restriction," NDS's Sep. Prop. Jury Instr. at 11-12:**

Plaintiffs object to Defendants' Proposed Instruction "17 U.S.C. § 1201(a)(1)(A) – Time Restriction" on the grounds that it is premature and the wording of this instruction is confusing.  If Plaintiffs introduce evidence of conduct that violates 17 U.S.C. § 1201(a)(1)(A) which occurred prior to October 28, 2000, then an instruction regarding the date that the 17 U.S.C. § 1201(a)(1)(A) became effective may be appropriate, and the parties and the Court should at that time fashion an appropriate, specific instruction concerning any admitted evidence concerning conduct that occurred before October 28, 2000.

**"Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(1)(A) – Damages – Actual Damages and Defendants' Profits," NDS's Sep. Prop. Jury Instr. at 13-14:**

Plaintiffs object to Defendants' Proposed Instruction "Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(1)(A) – Damages – Actual Damages and Defendants' Profits" on the grounds that the last paragraph is premature for the reasons stated above in Plaintiffs' Objections to Defendants' Proposed Instruction, "17 U.S.C. § 1201(a)(1)(A) – Time Restrictions."  If the Court charges the jury with Defendants' Proposed Instruction "17 U.S.C. § 1201(a)(1)(A) – Time Restriction," or Plaintiffs' proposed alternative, Exhibit "C" hereto, Plaintiffs further object to Defendants' Proposed Instruction "Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(1)(A) – Damages – Actual Damages and Defendants' Profits" because it is duplicative of Defendants' Proposed Instruction entitled "17 U.S.C. § 1201(a)(1)(A) – Time Restriction."  Plaintiffs therefore propose as an alternative Plaintiffs' Proposed Separate Jury Instruction No. 8; this instruction is identical to Defendants' Proposed Instruction "Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(1)(A) – Damages – Actual Damages and Defendants' Profits,"

EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.

- 6 -

1    with the exception of Defendants' proposed temporal scope language (*i.e.*,

2    "Plaintiff may only recover for damages for conduct that occurred after October 28,

3    2000 for this claim.")  EchoStar's Sep. Prop. Jury Instr. at 16-17, No. 8.

4

5    **"Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(2)," NDS's Sep. Prop.**

6    **Jury Instr. at 15-16:**

7         Plaintiffs object to Defendants' Proposed Instruction "Digital Millennium

8    Copyright Act - 17 U.S.C. § 1201(a)(2)" as it misstates the law or will mislead the

9    jury as to the correct law.  Computer software or code is protected by Title 17,

10   United States Copyright Law.  17 U.S.C. § 101 ("Literary works" are works, other

11   than audiovisual works, expressed in words, numbers, or other verbal or numerical

12   symbols or indicia, regardless of the nature of the material objects, such as books,

13   periodicals, manuscripts, phonorecords, film, tapes, disks, or cards, in which they

14   are embodied."); *see also Apple Computer, Inc. v. Franklin Computer Corp.*, 714

15   F.2d 1240, 1249 (3d Cir. 1983) ("A computer program, whether in object code or

16   source code, is a "literary work" and is protected from unauthorized copying,

17   whether from its object or source code version"); 1-2 Nimmer on Copyright § 2.04.

18   Because the copyrighted work at issue is code, it is necessary and appropriate for

19   the jury to understand that computer software code is protected by Title 17.

20        Plaintiffs therefore propose their Separate Proposed Jury Instruction No. 10.

21   EchoStar's Sep. Prop. Jury Instr. at 20-21, No. 10.

22

23   **"17 U.S.C. § 1201(a)(2) - Geographical Boundary," NDS's Sep. Prop. Jury**

24   **Instr. at 17-18:**

25        Plaintiffs object to Defendants' Proposed Instruction "17 U.S.C. § 1201(a)(2)

26   - Geographical Boundary" for the reasons set forth in their objection to Defendants'

27   Proposed Jury Instruction entitled "17 U.S.C. § 1201(a)(1)(A) - Geographical

28   Boundary."  *Supra* at 5.

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1

2  **"17 U.S.C. § 1201(a)(2) – Time Restriction," NDS's Sep. Prop. Jury Instr. at**
3  **19-20:**

4          Plaintiffs object to Defendants' Proposed Instruction "17 U.S.C. § 1201(a)(2)
5  – Time Restriction" on the grounds that it is likely to mislead or confuse the jury
6  concerning an element that Plaintiffs must prove to prevail on their 17 U.S.C. §
7  1201(a)(2) claim (*i.e.*, that Defendants' unlawful conduct occurred on or after June
8  6, 2000).  However, Defendants have the burden of proof on their Statute of
9  Limitations Affirmative Defense.  Model Civ. Jury Instr. 9th Cir. 1.2 (2007).
10  Therefore Plaintiffs propose as an alternative their Separate Proposed Jury
11  Instruction No. 28.  EchoStar's Sep. Prop. Jury Instr. at 61-62, No. 28.

12

13  **"Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(2) – Damages –**
14  **Actual Damages and Defendants' Profits," NDS's Sep. Prop. Jury Instr. at 21-**
15  **22:**

16          Plaintiffs object to Defendants' Proposed Instruction "Digital Millennium
17  Copyright Act - 17 U.S.C. § 1201(a)(2) – Damages – Actual Damages and
18  Defendants' Profits" on the grounds that the last paragraph of this instruction
19  misstates the law or will mislead or confuse the jury.  As noted above, Defendants
20  have the burden of proof on their Statute of Limitations Affirmative Defense;
21  including Defendants' proposed reference to the statutory period in this instruction
22  will tend to mislead or confuse the jury as to which party as the burden of proof on
23  Defendants' affirmative defense.  Also, Defendants' proposed reference to the
24  geographic boundary misstates the law regarding the geographical limitations of
25  liability for violations of the DMCA.  Moreover, if the Court charges the jury with
26  Defendants' Proposed Instruction "17 U.S.C. § 1201(a)(2) – Time Restriction" or
27  Plaintiffs' Separate Proposed Jury Instruction No. 28, there is no need to repeat the
28  substance of that instruction.  Likewise, if the Court charges the jury with

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

- 8 -

1   Defendants' Proposed Instruction, "17 U.S.C. § 1201(a)(2) – Geographic

2   Boundary," or an appropriate alternative, there is no need to repeat the substance of

3   that instruction.

4        Plaintiffs therefore propose as an alternative their Separate Proposed Jury

5   Instruction No. 11.  EchoStar's Sep. Prop. Jury Instr. at 22-23, No. 11.

6

7   **"Digital Millennium Copyright Act - 17 U.S.C. § 1201(a)(2) – Damages –**

8   **Statutory Damages," NDS's Sep. Prop. Jury Instr. at 23-24:**

9        Plaintiffs object to Defendants' Proposed Instruction "Digital Millennium

10  Copyright Act - 17 U.S.C. § 1201(a)(2) – Damages – Statutory Damages" for the

11  reasons set forth in their objections to Defendants' Proposed Instruction "Digital

12  Millennium Copyright Act – 17 U.S.C. § 1201(a)(2) – Damages – Actual Damages

13  and Defendants' Profits," above.  Plaintiffs therefore propose as an alternative their

14  Separate Proposed Jury Instruction No. 12.  EchoStar's Sep. Prop. Jury Instr. at 24-

15  25, No. 12.

16

17  **"47 U.S.C. § 605(a) – Time Restriction," NDS's Sep. Prop. Jury Instr. at 25-26:**

18       Plaintiffs object to Defendants' Proposed Instruction "47 U.S.C. § 605(a) –

19  Time Restriction" on the grounds that it will tend to mislead or confuse the jury

20  concerning an element that Plaintiffs must prove to prevail on their 47 U.S.C. §

21  605(a) claim (*i.e.*, that Defendants' unlawful conduct occurred on or after June 6,

22  2000).  However, Defendants have the burden of proof on their Statute of

23  Limitations Affirmative Defense.  Model Civ. Jury Instr. 9th Cir. 1.2 (2007).

24  Therefore Plaintiffs propose as an alternative their Separate Proposed Jury

25  Instruction No. 28.  EchoStar's Sep. Prop. Jury Instr. at 61-62, No. 28.

26

27

28

1   **"Communications Act – 47 U.S.C. § 605(a) – Damages – Actual Damages and**

2   **Defendants' Profits," NDS's Sep. Prop. Jury Instr. at 27-28:**

3          Plaintiffs object to Defendants' Proposed Instruction "Communications Act –

4   47 U.S.C. § 605(a) – Damages – Actual Damages and Defendants' Profits" on the

5   grounds that the last paragraph of this instruction is misleading.  As noted above,

6   Defendants have the burden of proof on their Statute of Limitations Affirmative

7   Defense.  Including reference to the statutory period in this instruction will tend to

8   mislead or confuse the jury as to which party has the burden of proof on

9   Defendants' affirmative defense.  Moreover, if the Court charges the jury with

10  Defendants' Proposed Instruction "47 U.S.C. § 605(a) – Time Restriction" or

11  Plaintiffs' Separate Proposed Jury Instruction No. 28, there is no need to repeat the

12  substance of those instructions.  Therefore, Plaintiffs propose as an alternative their

13  Separate Proposed Jury Instruction No. 13.  EchoStar's Sep. Prop. Jury Instr. at 26-

14  27, No. 13

15

16  **"Communications Act – 47 U.S.C. § 605(a) – Damages – Statutory Damages,"**

17  **NDS's Sep. Prop. Jury Instr. at 29-30:**

18         Plaintiffs object to Defendants' Proposed Instruction "Communications Act –

19  47 U.S.C. § 605(a) – Damages – Statutory Damages" for the reasons set forth in

20  their objections to Defendants' Proposed Instruction "Communications Act – 47

21  U.S.C. § 605(a) – Damages – Actual Damages and Defendants' Profits," above.

22  Plaintiffs propose their Separate Jury Instruction No. 14.  EchoStar's Sep. Prop.

23  Jury Instr. at 28-29, No. 14.

24

25  **"California Penal Code § 593d(a) – Time Restrictions," NDS's Sep. Prop. Jury**

26  **Instr. at 31-32:**

27         Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

28  § 593d(a) – Time Restrictions" on the grounds that it will tend to mislead or

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1   confuse the jury concerning an element that Plaintiffs must prove to prevail on their

2   California Penal Code § 593d(a) claim (*i.e.*, that Defendants' unlawful conduct

3   occurred on or after June 6, 2000).  However, Defendants have the burden of proof

4   on their Statute of Limitations Affirmative Defense.  Model Civ. Jury Instr. 9th Cir.

5   1.2 (2007).  Therefore, Plaintiffs propose as an alternative their Separate Proposed

6   Jury Instruction No. 28.  EchoStar's Sep. Prop. Jury Instr. at 61-62, No. 28.

7

8   **"California Penal Code § 593d(a) – Geographic Limitation," NDS's Sep. Prop.**

9   **Jury Instr. at 33-34:**

10          Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

11   § 593d(a) – Geographic Limitation" on several grounds.  First, it misstates the law

12   with respect to the extraterritorial application of California's penal code.  California

13   Penal Code § 27 states that it is applicable to, *inter alia*, "1) All persons who

14   commit, in whole or in part, any crime within this state; and ... 3) All who, being

15   without this state, cause or aid, advise or encourage, another person to commit a

16   crime within this state, and are afterwards found therein."  Moreover, California

17   Penal Code § 778(a) imposes liability on one who, with the intent to commit a

18   crime, engages in any conduct within the state of California in execution or part

19   execution of that person's intent, even if the crime is ultimately consummated out

20   of the state.  Therefore, one may be liable under the California Penal Code for

21   conduct that occurred outside the state of California.

22          Second, territorial application of the California Penal Code is a question for

23   the court, not the jury.  *People v. Betts*, 34 Cal. 4th 1039, 1048; 103 P.3d 883, 888

24   (2005).

25          Finally, Plaintiffs object to Defendants' citation in support of their Proposed

26   Instruction "California Penal Code § 593d(a) – Geographic Limitation," to Judicial

27   Council of California Jury Instructions 14.71.1, because such an instruction does

28   not appear to exist.

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1         Defendants' Proposed Instruction "California Penal Code § 593d(a) –

2 Geographic Limitation" is wholly inappropriate because it misstates the law and

3 because there is no need to provide an instruction regarding the territorial

4 application of California Penal Code § 593d(a).  Plaintiffs therefore request that the

5 Court not charge the jury with Defendants' Proposed Instruction "California Penal

6 Code § 593d(a) – Geographic Limitation."

7

8 **"California Penal Code § 593d(a) – Damages – Actual Damages," NDS's Sep.**

9 **Prop. Jury Instr. at 35-36:**

10         Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

11 § 593d(a) – Damages – Actual Damages" on the grounds that the last paragraph of

12 this instruction misstates the law or will mislead or confuse the jury.  As noted

13 above, Defendants have the burden of proof on their Statute of Limitations

14 Affirmative Defense; including reference to the statutory period in this Instruction

15 will tend to mislead or confuse the jury as to which party has the burden of proof on

16 Defendants' affirmative defense.  Moreover, if this Court charges the jury with

17 Defendants' Proposed Instruction entitled "47 U.S.C. § 605(a) – Time Restriction"

18 or Plaintiffs' Separate Proposed Instruction No. 28, there is no need to repeat the

19 substance of those instructions.

20         Additionally, as noted above, Defendants' inclusion of an instruction

21 regarding the territorial application of California Penal Code § 593d(a) is improper.

22 Plaintiffs therefore propose as an alternative their Separate Jury Instruction No. 16.

23 EchoStar's Sep. Prop. Jury Instr. at 33-34, No. 16.

24

25 **"California Penal Code § 593e(b) – Time Restrictions," NDS's Sep. Prop. Jury**

26 **Instr. at 37-38:**

27         Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

28 § 593e(b) – Time Restrictions" on the grounds that it will tend to mislead or

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1   confuse the jury concerning an element that Plaintiffs must prove to prevail on their

2   California Penal Code § 593e(b) claim (*i.e.*, that Defendants' unlawful conduct

3   occurred on or after June 6, 2000).  However, Defendants have the burden of proof

4   on their Statute of Limitations Affirmative Defense.  Model Civ. Jury Instr. 9th Cir.

5   1.2 (2007).  Therefore, Plaintiffs propose as an alternative their Separate Proposed

6   Jury Instruction No. 28.  EchoStar's Sep. Prop. Jury Instr. at 61-62, No. 28.

7

8   **"California Penal Code § 593e(b) – Geographic Limitation," NDS's Sep. Prop.**

9   **Jury Instr. at 39-40:**

10        Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

11   § 593e(b) – Geographic Limitation" on several grounds.  First, it misstates the law

12   with respect to the extraterritorial application of California's penal code.  Cal. Penal

13   Code § 27 states that it is applicable to, *inter alia*, "1) All persons who commit, in

14   whole or in part, any crime within this state; and ... 3) All who, being without this

15   state, cause or aid, advise or encourage, another person to commit a crime within

16   this state, and are afterwards found therein."  Moreover, California Penal Code §

17   778(a) imposes liability on one who, with the intent to commit a crime, engages in

18   any conduct within the state of California in execution or part execution of that

19   person's intent, even if the crime is ultimately consummated out of the state.

20   Therefore, one may be liable under the California Penal Code for conduct that

21   occurred outside the state of California.

22        Second, territorial application of the California Penal Code is a question for

23   the court, not the jury.  *Betts*, 34 Cal. 4th at 1048; 103 P.3d at 888.

24        Finally, Plaintiffs object to Defendants' citation in support of their Proposed

25   Instruction "California Penal Code § 593e(b) – Geographic Limitation," to Judicial

26   Council of California Jury Instructions 14.71.1, because such an instruction does

27   not appear to exist.

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1    Defendants' Proposed Instruction "California Penal Code § 593e(b) –

2  Geographic Limitation" is wholly inappropriate because it misstates the law and

3  because there is no need to provide an instruction regarding the territorial

4  application of California Penal Code § 593d(a).  Plaintiffs therefore request that the

5  Court not charge the jury with Defendants' Proposed Instruction "California Penal

6  Code § 593e(b) – Geographic Limitation."

7

8  **"California Penal Code § 593e(b) – Damages – Actual Damages and**

9  **Defendants' Profits," NDS's Sep. Prop. Jury Instr. at 41-42:**

10    Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

11  § 593e(b) – Damages – Actual Damages and Defendants' Profits" on the grounds

12  that the last paragraph of this instruction will mislead or confuse the jury.  As noted

13  above, Defendants have the burden of proof on their Statute of Limitations

14  Affirmative Defense.  Including reference to the statutory period will tend to

15  mislead or confuse the jury as to which party has the burden of proof on

16  Defendants' affirmative defense.  Moreover, if the Court charges the jury with

17  Defendants' Proposed Instruction "California Penal Code § 593e(b) – Time

18  Restrictions" or Plaintiffs' Separate Proposed Jury Instruction No. 28, there is no

19  need to repeat the substance of those instructions.

20    Additionally, as noted above, Defendants' inclusion of an instruction

21  regarding the territorial application of Cal. Penal Code § 593e(b) is improper.

22  Therefore, Plaintiffs propose as an alternative their Separate Jury Instruction No.

23  17.  EchoStar's Sep. Prop. Jury Instr. at 35-36, No. 17.

24

25  **"California Penal Code § 593e(b) – Damages – Statutory Damages," NDS's**

26  **Sep. Prop. Jury Instr. at 43-44:**

27    Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

28  § 593e(b) – Damages – Statutory Damages" for the reasons set forth in their

1  objections to Defendants' Proposed Instruction "California Penal Code § 593e(b) –

2  Damages – Actual Damages and Defendants' Profits."  Plaintiffs therefore propose

3  as an alternative their Separate Jury Instruction No. 18.  EchoStar's Sep. Prop. Jury

4  Instr. at 37-38, No. 18.

5

6  **"California Penal Code § 593e(b) – Damages – Punitive Damages," NDS's Sep.**

7  **Prop. Jury Instr. at 45-47:**

8       Plaintiffs object to Defendants' Proposed Instruction "California Penal Code

9  § 593e(b) – Damages – Punitive Damages" on the grounds that it is premature, and

10  may only be appropriate if evidence has been admitted concerning Defendants'

11  conduct that occurred outside of the state of California.  NDS's Sep. Prop. Jury

12  Instr. at 46; EchoStar's Sep. Prop. Jury Instr. at 39-41, No. 19.  *See also* BAJI

13  14.71.1 "Punitive Damages—Out-of-State Conduct" (2004 New).  Therefore

14  Plaintiffs propose as an alternative their Separate Proposed Jury Instruction No. 19.

15  EchoStar's Sep. Prop. Jury Instr. at 39-41, No. 19.

16

17  **"RICO – 18 U.S.C. § 1962(c) – Introduction," NDS's Sep. Prop. Jury Instr. at**

18  **48-49:**

19       Plaintiffs object to Defendants' Proposed Instruction "RICO – 18 U.S.C. §

20  1962(c) – Introduction" on the grounds that it is unnecessary and duplicative of the

21  parties' Joint Proposed Jury Instruction Nos. 1 and 5, as well as Plaintiffs' Separate

22  Proposed Jury Instruction No. 20 and Defendants' Separate Proposed Jury

23  Instruction entitled "RICO – 18 U.S.C. §1962(c)."  EchoStar and NDS's Joint Prop.

24  Jury Instr. at 2, 10 Nos. 1, 5; EchoStar's Sep. Prop. Jury Instr. at 42-44, No. 20;

25  NDS's Sep. Prop. Jury Instr. at 50-54.

26       Joint Proposed Jury Instruction No. 1 instructs the jury to follow the law as

27  provided by the Court.  Joint Proposed Jury Instruction No. 5 instructs the jury that

28  the party with the burden of proof on any claim must prove it by a preponderance of

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1   the evidence.  Finally, Plaintiffs' Separate Proposed Jury Instruction No. 20 and

2   Defendants' Separate Proposed Jury Instruction "RICO – 18 U.S.C. § 1962(c)"

3   both begin by instructing the jury that Plaintiffs have alleged that Defendants have

4   violated 18 U.S.C. § 1962(c), and that Plaintiffs have the burden of proof on this

5   claim.  Defendants' Separate Proposed Jury Instruction "RICO – 18 U.S.C. §

6   1962(c) – Introduction" is nothing more than a compilation of instructions that will

7   have already been given to the jury, therefore it is duplicative and should not be

8   given.

9   **"RICO – 18 U.S.C. § 1962(c)," NDS's Sep. Prop. Jury Instr. at 50-54:**

10          Plaintiffs object to Defendants' Proposed Instruction "RICO – 18 U.S.C. §

11   1962(c)" on the grounds that it will tend to mislead or confuse the jury as to the

12   elements that Plaintiffs must establish to prevail on their RICO claims.

13          Defendants' Proposed Instruction "RICO – 18 U.S.C. § 1962(c)" begins by

14   laying out the five basic elements of a RICO claim.  The elements are then followed

15   by a series of definitions and attempts to further explain terms in the five elements.

16   Buried within these definitions, Defendants' Proposed Instruction "RICO – 18

17   U.S.C. § 1962(c)" introduces four additional "elements" – although these alleged

18   additional elements are simply clarification of the five basic elements of a RICO

19   claim.  The structure of Defendants' instruction, combined with the length and form

20   of the definitions, will mislead or confuse the jury regarding the actual elements

21   that Plaintiffs must prove to prevail on their RICO claims.

22          Plaintiffs therefore propose as an alternative their Separate Proposed Jury

23   Instruction No. 20.  Plaintiffs' Proposed Jury Instruction No. 20 lays out each

24   element and their respective subparts in a simplified, streamlined structure that will

25   allow the jury to more readily understand the elements of Plaintiffs' RICO claims.

26   EchoStar's Sep. Prop. Jury Instr. at 42-44, No. 20.

27

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

**"RICO, 18 U.S.C. § 1962(c) – Racketeering Activity: Criminal Copyright**

**Infringement, 18 U.S.C. § 2319, 17 U.S.C. § 506(a) – Proof of Registration,"**

**NDS's Sep. Prop. Jury Instr. at 57-58:**

Plaintiffs object to Defendants' Proposed Instruction "RICO, 18 U.S.C. §

1962(c) – Racketeering Activity: Criminal Copyright Infringement, 18 U.S.C. §

2319, 17 U.S.C. § 506(a) – Proof of Registration" on the grounds that it will tend to

mislead and confuse the jury as to the elements of Plaintiffs' RICO claims.  17

U.S.C. § 411 requires registration of a copyright prior to instituting a civil

infringement proceeding.  However, failure to register a copyright pursuant to 17

U.S.C. § 411 is not a bar to Plaintiffs' RICO claim because Plaintiffs seek damages

for Defendants' racketeering activity based in part on Defendants' criminal

violation of 17 U.S.C. § 506(a).  *See Perfect 10, Inc. v. Cybernet Ventures, Inc.*,

167 F. Supp. 2d 1114, 1127 (D. Cal. 2001) (a party's inability to seek civil

enforcement of copyright infringement does not prevent that party from seeking

civil enforcement of RICO based on criminal copyright infringement).  Therefore

Plaintiffs propose that the Court not charge the jury with Defendants' Proposed

Instruction "RICO, 18 U.S.C. § 1962(c) – Racketeering Activity: Criminal

Copyright Infringement, 18 U.S.C. § 2319, 17 U.S.C. § 506(a) – Proof of

Registration."


**"RICO, 18 U.S.C. § 1962(c) – Racketeering Activity: Criminal Copyright**

**Infringement, 18 U.S.C. § 2319, 17 U.S.C. § 506(a) - Elements," NDS's Sep.**

**Prop. Jury Instr. at 59-60:**

Plaintiffs object to Defendants' Proposed Instruction "RICO, 18 U.S.C. §

1962(c) – Racketeering Activity: Criminal Copyright Infringement, 18 U.S.C. §

2319, 17 U.S.C. § 506(a) - Elements" on the grounds that the definition of

"willfully" is not supported by any case law or statute, nor does it comport with

standards of criminal intent.  An act is committed "willfully" if it is done on

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

- 17 -

1  purpose; there is no requirement of knowledge that the law "forbids" the act. *See*

2  *United States v. Morales,* 108 F.3d 1031, 1037 (9th Cir. 1997) ("Willfulness

3  requires that an act be done knowingly and intentionally, not through ignorance,

4  mistake or accident."). Plaintiffs therefore propose as an alternative their own

5  Separate Proposed Jury Instruction No. 21. EchoStar's Sep. Prop. Jury Instr. at 45-

6  46, No. 21. In the alternative, Plaintiffs propose replacing Defendants' definition of

7  willfulness with the definition set forth in *Morales*, 108 F.3d at 1037.

8

9  **"RICO, 18 U.S.C. § 1962(c) – Racketeering Activity: Misconduct in**

10  **Connection with Access Devices, 18 U.S.C. § 1029," NDS's Sep. Prop. Jury**

11  **Instr. at 61-63:**

12  Plaintiffs object to Defendants' Proposed Instruction "RICO, 18 U.S.C. §

13  1962(c) – Racketeering Activity: Misconduct in Connection with Access Devices,

14  18 U.S.C. § 1029" because it excludes certain definitions that are necessary to

15  provide the jury with a complete instruction concerning the law. In order to clarify

16  Defendants' Proposed Instruction, Plaintiffs therefore propose as an alternative

17  their Separate Proposed Jury Instruction No. __. EchoStars' Sep. Prop. Jury Instr.

18  at __, No. __.

19

20  **"RICO, 18 U.S.C. § 1962(c) – Time Restriction," NDS's Sep. Prop. Jury Instr.**

21  **at 66-67:**

22  Plaintiffs object to Defendants' Proposed Instruction "RICO, 18 U.S.C. §

23  1962(c) – Time Restriction" on the grounds that it will tend to mislead or confuse

24  the jury concerning an element that Plaintiffs must prove to prevail on their 18

25  U.S.C. § 1962(c) claim (*i.e.*, that Defendants' unlawful conduct occurred on or after

26  June 6, 2000). However, Defendants have the burden of proof on their Statute of

27  Limitations Affirmative Defense. Model Civ. Jury Instr. 9th Cir. 1.2 (2007).

28  Plaintiffs therefore propose as an alternative their Separate Proposed Jury

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1  Instruction No. 28.  EchoStar's Sep. Prop. Jury Instr. at 61-62, No. 28.

2

3  **"RICO, 18 U.S.C. § 1962(c) – Actual Damages," NDS's Sep. Prop. Jury Instr.**

4  **at 68-69:**

5  　　　　Plaintiffs object to Defendants' Proposed Instruction "RICO, 18 U.S.C. §

6  1962(c) – Actual Damages" on the grounds that the last paragraph will mislead or

7  confuse the jury.  As noted above, Defendants have the burden of proof on their

8  Statute of Limitations Affirmative Defense.  Including reference to the statutory

9  period in this instruction will tend to mislead or confuse the jury as to which party

10  has the burden of proof on Defendants' affirmative defense.  Moreover, if the Court

11  charges the jury with Defendants' Proposed Instruction entitled "RICO, 18 U.S.C. §

12  1962(c) – Time Restriction" or Plaintiffs' Sep. Prop. Jury Instr. No. 28, there is no

13  need to repeat the substance of those instructions.  Plaintiffs therefore propose as an

14  alternative their Separate Jury Instruction No. 23.  EchoStar's Sep. Prop. Jury Instr.

15  at 50-51, No. 23.

16

17  DATED:  April 9, 2008

18  　　　　　　　　　　　　　　　　　Respectfully submitted,

19  　　　　　　　　　　　　　　　　　**DLA PIPER US LLP**

20

21

22  　　　　　　　　　　　　　　　　　By:  s/Cynthia A. Ricketts

23  　　　　　　　　　　　　　　　　　Cynthia A. Ricketts
　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

24  　　　　　　　　　　　　　　　　　ECHOSTAR SATELLITE CORPORATION,
　　　　　　　　　　　　　　　　　ECHOSTAR COMMUNICATIONS

25  　　　　　　　　　　　　　　　　　CORPORATION, ECHOSTAR TECHNOLOGIES

26  　　　　　　　　　　　　　　　　　CORPORATION, AND NAGRASTAR L.L.C.

27

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**

1    Additional Counsel:

2    **T. WADE WELCH & ASSOCIATES**

3    T. Wade Welch (*pro hac vice*)

4    Ross W. Wooten (*pro hac vice*)
     David M. Noll (*pro hac vice*)

5    2401 Fountainview, Suite 700

6    Houston, Texas 77057
     Telephone:  (713) 952-4334

7    Facsimile:   (713) 952-4994

8
     **DLA PIPER US LLP**

9    David A. Grenardo (State Bar No. 223142)

10   Cynthia A. Ricketts (*pro hac vice*)
     1999 Avenue of the Stars, 4th Floor

11   Los Angeles, CA 90067

12   Telephone: (310) 595-3031
     Facsimile: (310) 595-3331

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EchoStar's Obj. to NDS's Sep. Prop. Jury Instr.**