**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 03-0950 DOC (JTLx)                                                  Date: April 14, 2008

Title: ECHOSTAR SATELLITE CORP., et al. v. NDS GROUP PLC, et al.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                          Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                                                                         Not Present   
Courtroom Clerk                                                                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                                 NONE PRESENT

---

PROCEEDING (IN CHAMBERS): RULING ON VARIOUS EVIDENTIARY OBJECTIONS AND REQUEST FOR DOCUMENTS


        NDS's Request for Documents re 2000 ROM10 Card Swap

        During the evidentiary hearing of James Shelton, and per representations of NDS's counsel, some evidence has arisen potentially showing a Card Swap or "soft swap" of ROM2 and ROM3 cards with ROM10 cards beginning in 2000. NDS claims that it is only now learning that such a swap took place. This evidence, if it exists, bears directly on EchoStar's theories and potential recovery.

        Therefore, Plaintiffs are hereby ORDERED to produce any and all documents related to a potential card swap exchanging ROM10 cards for prior cards or present a declaration or affidavit that no such swap took place.

### The Menard - Dawson Emails

NDS objects to admission of emails purportedly between Al Menard and Dave Dawson, that Ron Ereiser gave to Plaintiffs. Menard testified in deposition that the documents are forgeries. NDS argues that the documents cannot be authenticated under Federal Rule of Evidence 901. However, Plaintiffs have represented that Ron Ereiser will be able to authenticate the documents when he testifies.

The Court will admit the documents during Menard's testimony subject to a Motion to Strike if Ereiser cannot authenticate the documents. If the documents are stricken due to a lack of authentication, the Court's instruction in the jury will be sufficiently pointed to cure any prejudice to Defendants from the admission of the documents.

### Dov Rubin's Testimony

NDS objects to the Court allowing Dov Rubin to testify concerning NDS's revenues from the DirecTV contract, relevant to Plaintiffs' theory of disgorgement. The parties have been ordered to brief the issue of disgorgement this week. However, Rubin will likely be called to testify prior to the Court ruling on that issue. While the Court is concerned about potential prejudice arising from the presentation of this evidence, it is equally concerned with continuing the trial in a timely manner and avoiding the prejudice involved in splitting the trial. Thus, the Court will admit the testimony subject to a Motion to Strike.

### DirecTV "Prelitigation Documents"

NDS has objected to two prelitigation documents (Exhibits 390 and 610A) that were subject to the Court's tentative ruling on NDS' Motions in Limine 3 and 4. Both documents relate to the relationship between NDS and DirecTV and NDS' efforts to disrupt piracy operations by infiltrating them and employing former pirates. Both documents appear to be hearsay under Federal Rule of Evidence 801 as both would be presented for the truth of the claims made by DirecTV against NDS.

However, Exhibit610A appears to be a memorandum memorializing a meeting with members of both corporations. This seems like the sort of document that would be employed regularly to record such meetings. Additionally, the document was created the week after the meeting suggesting sufficient closeness in time and was made by those attending the meeting. Therefore, it seems to fit within the Business Records Exception to the hearsay rule. *See* Fed. R. Evid. 803(6).

       On the other hand, Exhibit 390 does appear to be the sort of "talking points" that includes mere accusations by parties contemplating litigation. Such records are generally not kept in the regularly conducted course of business, and are not admissible under Federal Rule of Evidence 803(6). *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) (audit reports prepared in anticipation of litigation are not business records). The fact that the document may include posturing or inflated allegations discounts its trustworthiness. Additionally, to the extent that it could be used to show NDS's notice of the risk that former pirates would cause harm to competitors, the document is cumulative of 610A, and has limited probative value insufficient in light of the risk that the jury will give the document more consideration than it deserves. *See* Fed. R. Evid. 403.

       Therefore, Exhibit 610A will be admitted, but Exhibit 390 will not be admitted.

       The Clerk shall serve this minute order on all parties to the action.