T. WADE WELCH & ASSOCIATES
Chad M. Hagan (*pro hac vice*)
2401 Fountainview, Suite 700
chagan@twwlaw.com
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile: (713) 952-4994

DLA PIPER US LLP
David A. Grenardo (State Bar No. 223142)
Cynthia A. Ricketts (*pro hac vice*)
david.grenardo@dlapiper.com
cindy.ricketts@dlapiper.com
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 595-3031
Facsimile: (310) 595-3331

Attorneys for Plaintiffs
ECHOSTAR SATELLITE CORP., et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., et al.,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>NDS GROUP PLC, et al.,<br><br>        Defendants/Counterclaim Plaintiffs. | No. SA CV 03-950 DOC(JTL)<br><br>**SUPPLEMENTAL TRIAL MEMORANDUM ADDRESSING GEOGRAPHIC SCOPE OF PLAINTIFFS' DAMAGES**<br><br>Date: April 20, 2008<br>Time: 12:00 p.m.<br>Dept: Judge David Carter<br>       Courtroom 9D |

**Supplemental Trial Memorandum Addressing
Geographic Scope Of Plaintiffs' Damages**

Pursuant to the Court's April 19 request, Plaintiffs EchoStar Satellite L.L.C. f/k/a EchoStar Satellite Corporation, EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively, "EchoStar" or "Plaintiffs") hereby submit the following Supplemental Trial Memorandum addressing the permissible geographic scope of damages for Plaintiffs' claims under California Penal Code sections 593e(b).[1]

## I. INTRODUCTION

Both the California Penal Code and California civil jurisprudence allow Plaintiffs to recover damages arising from conduct occurring within the State of California that causes injury outside the State of California. Defendants' violative acts, which are the basis of Plaintiffs' California Penal Code claims, occurred in the State of California: Plaintiffs do not seek to reach beyond the State's jurisdiction by applying its law to conduct with no nexus in the State of California. Instead, Plaintiffs' California Penal Code claims seek to recover damages occurring both within and outside the State of California caused by the conduct of Defendants and/or their agents within the State of California. If the jury finds that the conduct of Defendants and/or Defendants' agents, in violation of California law, occurred in the State of California, Plaintiffs are entitled to recover all of their damages, regardless of where those damages were incurred, even if those damages occurred outside the State of California.

## II. PLAINTIFFS ARE ENTITLED TO ALL DAMAGES ARISING FROM DEFENDANTS' VIOLATIONS OF CALIFORNIA PENAL CODE SECTION 593e(b) WITH A NEXUS IN OR TO THE STATE OF CALIFORNIA.

The California Penal Code applies to illegal conduct within the State of California that has an effect outside the State. According to Section 778a(a),

---

[1] The same discussion applies to California Penal Code § 593d(a).

> Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of that intent, which culminates in the commission of a crime, either within or without this state, the person is punishable for that crime in this state in the same manner as if the crime had been committed entirely within this state.

For example, in *People v. Brown*, 91 Cal. App. 4th 256, 266-67 (2001), defendant was convicted of second degree murder and unauthorized practice of medicine for a botched operation conducted in Mexico. Because the defendant met the victim in California and arranged to take him to Mexico, then brought him back to California for post-operative treatment, there was a sufficient nexus with California for the defendant to be guilty of the crime under California law. *Id.* This is true despite the actual damage (*i.e.*, the operation) having occurred in Mexico. *Id.* Similarly, in *People v. Morante*, 20 Cal. 4th 403, 409-15 (1999), the defendant was convicted of both conspiracy to violate various drug offenses, and aiding and abetting the drug offenses, where the agreement supporting the conspiracy charge was entered in California, acts in furtherance of the conspiracy (but not amounting to an attempt) were committed in California, and the defendant's acts in California aided and abetted the underlying drug offenses, which were committed elsewhere.

      Plaintiffs here seek a civil remedy for Defendants' violations of the California Penal Code. A statutorily-afforded civil remedy that permits a plaintiff to recover damages for any violation occurring in the State of California that causes injury elsewhere. *See Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059-60 (1999). In *Diamond Multimedia Systems*, the plaintiffs sued under a provision of the California Corporations Code that affords a civil remedy to persons affected by unlawful market manipulation. *Id.* at 1040. In *Diamond Multimedia Systems*, the plaintiffs bought or sold their stock outside the State of California as a result of the defendants' conduct that occurred in California. The defendants were found to have engaged in unlawful market manipulation and thus plaintiffs were allowed to recover damages under California Corporations Code §

25500. *Id.* The California Supreme Court agreed and held that where the wrongful conduct occurs in California resulting in the price of securities purchased or sold to be adversely affected, the plaintiffs (*i.e.*, the purchasers and sellers) were entitled to recover damages under the California statute, even when the securities were bought or sold outside the State of California. *Id.* at 1040-41.

In so holding, the California Supreme Court stated that the presumption against extraterritorial application of California statutes "has *never* been applied to an injured person's right to recover damages suffered as a result of an unlawful act or omission committed *in* California." *Id.* at 1050 (emphasis added). By way of example, the California Supreme Court cited Civil Code § 3281, which "provides that '[e]very person who suffers detriment' from unlawful acts or omissions in California may recover damages from the person at fault." *Id.* The Court noted that a prime example of actions encompassed within the purview of Civil Code § 3281 is product liability actions against California manufacturers brought by persons injured outside of California by a defective product manufactured in California. *Id.* The California Supreme Court saw "no reason to conclude that the Legislature intended a different result for actions based on violation of" the Corporations Code. *Id.* Under the California Supreme Court's holding in *Diamond Multimedia Systems*, the result should be no different for a civil action brought under the California Penal Code. *Id.*

As the Court is aware, Plaintiffs brought claims against Defendants under California Penal Code § 593e(b), *inter alia*, alleging that Defendants, through Tarnovsky's circumvention of Plaintiffs' conditional access system in California, his posting of the EchoStar hack in California or through a server located in California, and his involvement in the distribution of pirated cards from his home office in California, among other things, violated this section. Defendants' and Tarnovksy's conduct (for which Defendants are liable) caused Plaintiffs harm both in the State of California and throughout the United States. Thus, there is conduct

**Supplemental Trial Memorandum Addressing
Geographic Scope Of Plaintiffs' Damages**            - 4 -

that has a clear nexus with the State of California: conduct that occurred within the State of California that caused injury to Plaintiffs both within the State of California <u>and</u> outside the State of California.

There is a clear basis for the jurors to find that Defendants violated California Penal Code § 593e(b) in the State of California. If the jury agrees that Defendants violated California Penal Code § 593e(b), Plaintiffs are entitled to recover all of their damages resulting from the violative conduct of Defendants and/or their agents, regardless of where those damages occurred. The jury accordingly must be instructed as to the full measure of damages, including the geographic scope of those damages, that Plaintiffs may be awarded.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to recover the full measure of damages resulting from Defendants' illegal conduct that occurred in the State of California. This includes damages suffered outside the State of California, but which were caused by Defendants' conduct, and/or their agents' conduct, that occurred in the State of California.

DATED: April 20, 2008

Respectfully submitted,

**DLA PIPER US LLP**

By: s/Cynthia A. Ricketts
Cynthia A. Ricketts
Attorneys for Plaintiffs
ECHOSTAR SATELLITE CORPORATION, ECHOSTAR COMMUNICATIONS CORPORATION, ECHOSTAR TECHNOLOGIES CORPORATION, AND NAGRASTAR L.L.C.

**Supplemental Trial Memorandum Addressing Geographic Scope Of Plaintiffs' Damages** - 5 -

Additional Counsel:

**T. WADE WELCH & ASSOCIATES**
T. Wade Welch (*pro hac vice*)
Ross W. Wooten (*pro hac vice*)
David M. Noll (*pro hac vice*)
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone:  (713) 952-4334
Facsimile:   (713) 952-4994

**DLA PIPER US LLP**
David A. Grenardo (State Bar No. 223142)
Cynthia A. Ricketts (*pro hac vice*)
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 595-3031
Facsimile: (310) 595-3331