1  DARIN W. SNYDER (S.B. #136003) – dsnyder@omm.com
   DAVID R. EBERHART (S.B. #195474) – deberhart@omm.com
2  O'MELVENY & MYERS LLP
   275 Battery Street, Suite 2600
3  San Francisco, CA  94111-3305
   Telephone:  (415) 984-8700
4  Facsimile:   (415) 984-8701

5  RICHARD L. STONE (S.B. #110022) – rlstone@hhlaw.com
   KENNETH D. KLEIN (S.B. #85231) – kdklein@hhlaw.com
6  HOGAN & HARTSON L.L.P.
   1999 Avenue of the Stars, Suite 1400
7  Los Angeles, California 90067
   Telephone:  (310) 785-4600
8  Facsimile:   (310) 785-4601

9  Attorneys for Defendants
   NDS GROUP PLC and
10 NDS AMERICAS, INC.

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                       **SOUTHERN DIVISION**

14

15 ECHOSTAR SATELLITE CORP.,        Case No. SA CV 03-950 DOC(JTLx)
   *et al.*,
16                                   **NDS'S MEMORANDUM IN**
                                     **SUPPORT OF ITS CANADIAN**
17              Plaintiffs,          **LAW JURY INSTRUCTION**

18         v.                        Date:    April 21, 2008
                                     Time:    8:30 a.m.
19 NDS GROUP PLC, *et al.*,          Place:   Courtroom 9D
                                     Judge:   Hon. David O. Carter
20              Defendants.

21

22

23

24

25

26

27

28

1    Pursuant to the Court's April 20 request, Defendants' NDS Group PLC
2    and NDS Americas, Inc. (collectively "NDS") hereby submit the following trial
3    memorandum regarding the appropriate jury instruction on the legality of the
4    decoding of United States satellite signals in Canada.

5    ## I.    INTRODUCTION

6    NDS submitted a proposed jury instruction to the Court entitled "Decryption
7    of U.S. Satellite Signal in Canada" which reads: "At all times relevant to this
8    litigation, the decoding of an encrypted satellite signal originating in the United
9    States was not unlawful in Canada." Plaintiffs requested that the Court reject the
10   instruction. NDS's instruction is accurate and appropriate as drafted and should be
11   given to the jury as written. NDS's instruction covered "all times relevant to this
12   litigation" because all of the alleged Canadian activity at issue in this suit occurred
13   prior to 2002, only after which it became unlawful to decrypt a U.S. satellite signal
14   in Canada. Similarly, the instruction covered "Canada" both because no higher
15   court had found decryption illegal in Canada, and, to the contrary, the highest court
16   in British Columbia and Ontario had found that decryptions was legal in Canada on
17   decisions that were binding authority on the lower courts of those provinces.
18   Moreover, all of the alleged conduct related to this lawsuit allegedly occurred in
19   these two provinces.

20   To the extent that the Court finds that NDS's proposed instruction is in any
21   way confusing, NDS submits with this memorandum an alternative proposed
22   instruction that has a narrower scope. NDS is willing to narrow its instruction
23   because it believes that all of the alleged Canadian conduct relevant in this litigation
24   allegedly occurred in British Columbia and Ontario, where courts held
25   unequivocally since at least 1997 that decryption of U.S. signals was not unlawful
26   in Canada. NDS further believes that the only alleged Canadian conduct relevant to
27   this litigation by NDS allegedly occurred prior to April 26, 2002. NDS does not
28   dispute that decryption of U.S. signals in Canada was unlawful after that date, and

NDS'S MEMO RE CANADIAN INSTRUCTION
                                          SA CV 03-950 DOC(JTLx)

1    although irrelevant to this lawsuit, it is willing to narrow its instruction accordingly.

2    **II.    <u>ARGUMENT</u>**

3            Plaintiffs' have identified three points of contention with NDS's proposed

4    instruction.  These can be summarized as follows:

5            1.  Decryption of a U.S. satellite signal in Canada was unlawful after

6                April 26, 2002 when the Supreme Court of Canada issued its opinion

7                in *Bell ExpressVu LP v. Rex*, 2002 S.C.C. 42 (2002) (attached hereto

8                as exhibit "A");

9            2.  While the Supreme Courts of the provinces of Ontario and British

10               Columbia had determined in binding decisions that decryption in

11               Canada was not unlawful, the trial courts in other Canadian provinces

12               had produced mixed opinions.  Therefore, decryption was not lawful in

13               Canada;

14           3.  The Canadian Supreme Court's decision in *Bell Express Vu* reaches

15               back to 1985 when the Radiocommunications Act was enacted.

16           NDS will address each of these claims in turn.

17           First, NDS does not dispute that *Bell Express Vu* on April 26, 2002 held that

18   decryption of a U.S. satellite signal in Canada was unlawful.  From the date of that

19   decision forward, decryptions of a U.S. satellite signal -- whether by an

20   unauthorized decryption device or by a fully-paid subscription to the U.S.

21   distributor -- became illegal in Canada.  Plaintiffs, however, have not alleged, much

22   less proven, any actionable conduct by NDS or its alleged agents occurring on or

23   after April 26, 2002 in Canada.  The state of Canadian law after April 26, 2002 is

24   therefore irrelevant to this case, and instruction on it will only serve to confuse the

25   jury.  But to the extent the Court concludes that NDS's instruction would in any

26   way confuse the jury, NDS has proposed an alternative jury instruction (attached

27   hereto as exhibit "B") which limits its previous instruction to the time "prior to

28   April 26, 2002."  NDS believes this more than adequately addresses Plaintiffs'

NDS'S MEMO RE CANADIAN INSTRUCTION
                                                 SA CV 03-950 DOC(JTLx)

1  concern about the state of Canadian law after *Bell Express Vu.*

2        Second, Plaintiffs quibble with the portion of NDS's instruction that states

3  that decryption "in Canada" was legal because, as the Canadian Supreme Court

4  noted in *Bell Express Vu*, some trial courts in provinces outside of Ontario and

5  British Columbia had made contrary determinations, and the law had therefore

6  "received inconsistent application." *Bell Express View*, 2002 S.C.C. at 22.

7  Plaintiffs' position, however, would hold that the inconsistent application of a law

8  by the trial courts would make the conduct in question "unlawful."  At most, the

9  "interpretative dissonance" of the Canadian trial courts left the issue undecided in

10  certain provinces, and without a clear prohibition to the contrary, the conduct in

11  question was not unlawful.  But what is not in question, is that the highest courts in

12  British Columbia and Ontario had found that decryption of a U.S. satellite signal

13  was legal and had produced binding decisions to that effect.  *Bell Express Vu*, 2002

14  S.C.C. at 24.  Decryption was legal in those provinces, and those provinces are the

15  location of virtually all the allegedly actionable activity.  While it is clear from *Bell*

16  *Express Vu* that decrypting a U.S. satellite signal was not unlawful in Canada prior

17  to April 2002, and therefore NDS's original instruction is proper and appropriate.

18  To the extent that the Court concludes that NDS's instruction is overly broad, NDS

19  has prepared an alternative instruction that limits the scope of the previous

20  instruction to the provinces of Ontario and British Columbia, which more than fully

21  accommodates Plaintiffs' concerns about inciosistent trial court opinions in other

22  provinces.

23        Finally, Plaintiffs argue that the decision of the Canadian Supreme Court

24  reached back in time to make all prior acts of decryption dating back to 1985

25  illegal.  But it was the purview of the Canadian courts to determine whether

26  decryption was legal; as discussed above, those courts had not made that

27  determination.  On the contrary, the Canadian Supreme Court in *Bell Express Vu*

28  addressed defendant's argument that, if it found decryption unlawful, "hundreds of

NDS'S MEMO RE CANADIAN INSTRUCTION
SA CV 03-950 DOC(JTLx)

1    thousands of Canadians can expect a knock on their door, because they will be in

2    breach of the statute." *Bell Express Vu*, 2002 S.C.C. at 53.  The Court noted:

3        I do not think it correct to insinuate that the decision in this appeal
     will have the effect of automatically branding every Canadian resident

4    who subscribes to and pays for U.S. DTH services as a criminal.  The
     penal offense in s. 10(1)(b) requires that circumstances "give rise to a

5    reasonable inference that the equipment, device or component has
     been used, or is or was intended to be used, <u>for the purpose</u> of

6    contravening section 9" [emphasis in original], and allows for a
     "lawful excuse" defense.  Section 10(2.5) further provides that "[n]o

7    person shall be convicted of an offence under paragraph 9(1)(c) … if
     the person exercised all due diligence to prevent the commission of the

8    offence.

9    *Bell Express Vu*, 2002 S.C.C. at 54.

10   While this is dicta, it was clearly the Canadian Supreme Court's opinion that *Bell*

11   *Express Vu* should not be construed to apply criminal penalties to <u>current</u> users of a

12   decryption system who were caught by surprise by the Court's ruling.  Of course,

13   prior decrypters of U.S. satellite signals who had relied upon the opinions of the

14   Supreme Courts of British Columbia, Ontario, and the lower courts of numerous

15   other jurisdictions could similarly not be subject to penalty for conduct that was not

16   illegal when they used their systems.

17       In fact, Plaintiffs own hacker consultants, in cases dating from 1997 to 2001,

18   took advantage of the non-illegality of decryption to avoid prosecution for

19   decryption of U.S. satellite signals in Canada.  *See Bell Express Vu*, 2002 S.C.C. at

20   23 (listing cases); *R. v. Ereiser* (1997) 156 Sask. R. 71 (attached hereto as exhibit

21   "C"); *R. v. Scullion,* [2001] R.J.Q. 2018 (attached hereto in French with rough

22   English translation as exhibit "D"); *but see Canada (Procureure generale) v.*

23   *Pearlman,* [2001] R.J.Q. 2026 (C.Q.) (finding against Charles Pearlman).

24   ## III.  CONCLUSION

25       NDS's jury instruction regarding the legality of the decryption of U.S.

26   satellite signals in Canada is necessary and appropriate as it was originally drafted.

27   If the Court concludes that the original instruction was potentially confusing or

28   overbroad, NDS is also submitting with this memorandum a revised instruction that

1  tailors the language of the prior instruction to address Plaintiffs' concerns about the

2  time frame and Provincial scope of the instruction. Plaintiffs' claims that the *Bell*

3  *Express Vu* opinion was meant to be applied retroactively are without merit,

4  however, as the Canadian Supreme Court clearly did not intend for the decision to

5  have retroactive effect

6   Dated:   April 21 2008

                                    DARIN W. SNYDER
                                    DAVID R. EBERHART
7                                   O'MELVENY & MYERS LLP

8                                   By:/s/ Darin Snyder
9                                      DARIN W. SNYDER
                                    Attorneys for Defendants
10                                  NDS GROUP PLC and NDS
                                    AMERICAS, INC.