DARIN W. SNYDER (S.B. #136003) – dsnyder@omm.com
DAVID R. EBERHART (S.B. #195474) – deberhart@omm.com
O'MELVENY & MYERS LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

RICHARD L. STONE (S.B. #110022) – rlstone@hhlaw.com
KENNETH D. KLEIN (S.B. #85231) – kdklein@hhlaw.com
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Defendants
NDS GROUP PLC and
NDS AMERICAS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NDS GROUP PLC, *et al.*,<br><br>Defendants. | Case No. SA CV 03-950 DOC(JTLx)<br><br>**NDS'S SUPPLEMENTAL MEMORANDUM ADDRESSING THE GEOGRAPHIC SCOPE OF PLAINTIFFS' DAMAGES**<br><br>Date: April 21, 2008<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>Judge: Hon. David O. Carter |

Pursuant to the Court's April 20 request, Defendants' NDS Group PLC and NDS Americas, Inc. (collectively "NDS") hereby submit the following trial memorandum regarding the geographic scope of Plaintiffs' damages.

## I. ARGUMENT

Plaintiffs fail to cite any case law in their brief that addresses the extraterritorial application of California Penal Code § 593e to damages occurring outside of the state of California. In fact, no case has ever applied § 593e to damages occurring outside of California. Plaintiffs instead apply a variety of "rules" of jurisprudence pulled from cases interpreting different statutes in different contexts. Plaintiffs have not shown that this statute, California Penal Code § 593e, allows recovery for damages incurred outside of California, and they cannot. The Court should not make this unwarranted extension of the law, and such damages should be excluded

In addition, Plaintiffs concede in their Supplemental Trial Memorandum Addressing Geographic Scope of Plaintiffs' Damages ("Plaintiffs' Supp. Memo") that NDS's proposed jury instruction on the geographic limitation of CPC § 593e -- an instruction which Plaintiffs have previously objected to -- is an accurate and appropriate interpretation of California law. Plaintiffs concede that "[a] statutorily-afforded civil remedy [] permits a plaintiff to recover damages for any violation occurring in the State of California..." Plaintiffs' Supp. Memo. at 3:20-21, citing *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059-60 (1999). Plaintiffs go on state that they have alleged numerous acts occurring in California and "[t]hus there is conduct that has a clear nexus with the State of California: conduct that occurred with the State of California that caused injury to Plaintiffs...". Plaintiffs' Supp. Memo. at 4:28-5:2. Conduct occurring in whole or in part in California is precisely what NDS's proposed geographic limitation instruction requires. It states:

Liability under California Penal Code § 593e(b) is limited to conduct occurring in whole or in part in California. Evidence has been received of Defendants' conduct occurring outside of California. This evidence may be considered only in determining whether Defedants' conduct inside California violated this statute in whole or in part. For Defendants to be liable on this claim, Plaintiffs must prove by a preponderance of the evidence that Defendants conduct in the state of California violated California Penal Code § 593e(b)

Jury Instruction re California Penal Code § 593e(b) - Geographic Limitation

Regardless of whether the Court determines that Plaintiffs damages are limited to injures sustained in California, it is clear that NDS is entitled to a jury instruction limiting *liability* to conduct that occurred in whole or in part in California.

## II. CONCLUSION

Plaintiffs have failed to produce any case law that applies California Penal Code 593e(b) to injuries sustained outside of the California, and therefore this claim should be limited to injuries Plaintiffs have allegedly incurred in California. Moreover, in attempting to avoid the limitation on damages, Plaintiffs have conceded that liability is limited geographically to conduct that occurs in whole or in part in California and therefore that NDS's jury instruction on geographic limitation under § 593e is appropriate.

Dated: April 21 2008

DARIN W. SNYDER
DAVID R. EBERHART
O'MELVENY & MYERS LLP

By: /s/ Darin Snyder
    DARIN W. SNYDER
Attorneys for Defendants
NDS GROUP PLC and NDS AMERICAS, INC.