1  DARIN W. SNYDER (S.B. #136003) – dsnyder@omm.com
   DAVID R. EBERHART (S.B. #195474) – deberhart@omm.com
2  O'MELVENY & MYERS LLP
   275 Battery Street, Suite 2600
3  San Francisco, CA  94111-3305
   Telephone:  (415) 984-8700
4  Facsimile:   (415) 984-8701

5  RICHARD L. STONE (S.B. #110022) – rlstone@hhlaw.com
   KENNETH D. KLEIN (S.B. #85231) – kdklein@hhlaw.com
6  HOGAN & HARTSON L.L.P.
   1999 Avenue of the Stars, Suite 1400
7  Los Angeles, California 90067
   Telephone:  (310) 785-4600
8  Facsimile:   (310) 785-4601

9  Attorneys for Defendants
   NDS GROUP PLC and
10 NDS AMERICAS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>NDS GROUP PLC, *et al.*,<br><br>    Defendants. | Case No. SA CV 03-950 DOC(JTLx)<br><br>**NDS'S TRIAL BRIEF RE "LAST OVERT ACT" DOCTRINE FOR FEDERAL DMCA AND COMMUNICATIONS ACT CLAIMS**<br><br>Date:  April 30, 2008<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br>Judge:  Hon. David O. Carter |

Pursuant to the Court's April 27 request, Defendants NDS Americas, Inc. and NDS Group PLC (collectively, "NDS") hereby submit the following trial brief regarding the "last overt act" doctrine as it applies to Plaintiffs' DMCA and Communications Act claims.

## I.  INTRODUCTION

Plaintiffs seek to reach back before the June 6, 2000 statute of limitations cut-off date set in this case for their federal DMCA and Communications Act claims to collect disgorgement damages for a contract NDS signed with DirecTV in August 1999. Plaintiffs purport to accomplish this by using a tolling theory known as the "last overt act" doctrine. This they cannot do. The Ninth Circuit has held that federal law governs the time of accrual for federal claims. So it is the federal "last over act doctrine" that applies to these claims, not California's significantly different doctrine of the same name. The Ninth Circuit has explained that the federal "last overt act" doctrine does not reach back to allow plaintiffs to reach time-barred conduct simply because it is "characterized as a single grand conspiracy for procedural advantage." Under federal law, "the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff."

The doctrine allows a plaintiff to bring a claim for an overt act that might otherwise be time-barred because it was part of a continuing course of action that began outside of the statute of limitations. But it does not allow a plaintiff to reach back in time to recapture earlier overt acts in that same course of action that are time-barred. Plaintiffs here seek to do precisely what controlling Ninth Circuit precedent says they may not do. Plaintiffs' assertion that they may reach back to seek disgorgement damages related to the August 1999 NDS/DirecTV contract must therefore be rejected.

## II. ARGUMENT

### A. The Federal "Last Overt Act" Doctrine Does Not Reach Back To Revive Time-Barred Claims

Federal law governs the time of accrual for federal claims. *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). Under controlling Ninth Circuit precedent, a "cause of action [in a civil conspiracy case] runs ***separately*** from ***each overt act*** that is alleged to cause damage to the plaintiff." *Id.* (emphases added). The federal "last overt act" doctrine does not toll the statute of limitation "until the last over act of the conspiracy has been completed." *Id.* (internal quotations omitted). Instead, "[i]njury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy." *Id.* (internal quotations omitted). And "[s]eparate conspiracies may not be characterized as a single grand conspiracy for procedural advantage." *Id.* (internal quotations omitted).

The doctrine allows a plaintiff to bring a cause of action for claims caused by overt acts that fall within the statute of limitations but might otherwise be barred if the statute of limitations was held to run from the beginning of the conspiracy. In other words, the doctrine precludes a ***defendant*** from using the fact that it reached an agreement in secret to conspire as a basis to prevent a ***plaintiff*** from bringing a cause of action for a later overt act that falls ***within*** the statute of limitations. But it does not allow a ***plaintiff*** to do the reverse and reach back and bring claims or seek damages for overt acts occurring ***outside*** the statute of limitations. Plaintiffs, therefore, "***may recover only*** for the overt acts … they specifically allege to have occurred within the … limitations period." *Id.* (emphasis added). *See also State Farm Mut. Auto Ins. Co. v. Ammann* 828 F.2d 4, 5 (9th Cir. 1987) (Kennedy, J., concurring) ("The rule is that a cause of action accrues when new overt acts occur within the limitations period, even if a conspiracy was formed and other acts were committed outside the limitations period.... A corollary rule is that damages may not be recovered for injuries sustained as a result of acts committed outside the

limitations period."); *Hogan v. Robinson*, No. CV-F-03-6408 LJO WMW, 2007 WL 2972911, at *4-*5 (E.D. Cal. Oct. 10, 2007) (the plaintiff's claims were time-barred because "all relevant events" in the alleged conspiracy occurred outside the relevant limitations period; *citing Gibson*).

### B. **Plaintiffs' Time-Barred Claims Cannot Be Revived By The "Last Overt Act" Doctrine**

Plaintiffs seek to bring causes of action and collect damages based on an agreement executed in August 1999 between NDS and DirecTV.  There is absolutely no factual support for Plaintiffs' claims that their conditional access system was "attacked" by NDS prior to this date or that there was a "pending deal" between Plaintiffs and DirecTV that was spoiled by these alleged "attacks."  (*See* Pltfs.' April 18, 2008 Trial Br. Regarding Disgorgement Damages at p. 7:18-20.) Regardless, any such claims are time-barred pursuant to this Court's July 26, 2005 Order regarding NDS's motion to dismiss the Fourth Amended Complaint, which dismissed claims accruing prior to June 6, 2000 under the DMCA and Communications Act.  (7/26/05 Order at p. 11:20-25.)[1]  As the Court explained:

> [I]t appears that Plaintiffs are attempting to use more recent unlawful acts to permit Plaintiffs to reach back and sue for older acts, outside the limitations period.  The types of wrongs alleged, however, are not continuing wrongs.  Rather, they may be separate and discrete incidents, each one of which gives Plaintiffs a cause of action....  Plaintiffs may assert claims having a three-year period of limitations based on acts that occurred on or after June 6, 2000....  Plaintiffs may not, however, use the

---

[1] Contrary to Plaintiffs' claims, the Court has already held that "Plaintiffs were aware that their system had been hacked no later than November 3, 1998." (7/26/05 Order at 12:7-8, 12:21-13:3.)

> later occurring acts to reinvigorate extinguished claims based on older acts.

(7/26/05 Order at p. 17:19-28.)

Plaintiffs once again are seeking to bring causes of action for overt acts that occurred prior to the relevant limitations period. This they cannot do. Under *Gibson*, the federal "last overt act" doctrine cannot resuscitate Plaintiffs' time-barred DMCA and Communications Act claims. As explained above, even if Plaintiffs could prove a single conspiracy that would reach back from 1999 until 2003, the doctrine simply does not toll the statute of limitations for overt acts "committed outside the limitations period." *State Farm*, 828 F.2d at 5.[2] (*See also* 12/22/03 Order at 4:8-14.) The statute of limitations begins to run anew for each new overt act, regardless of the nature of the conspiracy that Plaintiffs may allege. *Gibson*, 781 F.2d at 1340. Plaintiffs' federal claims for acts allegedly occurring prior to limitations cut-off, including the August 1999 NDS/DirecTV contract, and any damages related thereto, are therefore barred.

## III. CONCLUSION

For all the reasons stated above, Plaintiffs may not reach back and revive federal claims that are time-barred through the federal "last overt act" doctrine.

Dated: April 30, 2008

DARIN W. SNYDER
DAVID R. EBERHART
O'MELVENY & MYERS LLP

By: */s/ Darin W. Snyder*
   DARIN W. SNYDER
Attorneys for Defendants
NDS GROUP PLC and NDS AMERICAS, INC.

SF1:713977.3

---

[2] For the reasons stated in NDS's Brief re the "Last Overt Act Doctrine" under California Law, filed concurrently herewith, tolling is not available for plaintiffs' California state law claims in part because Plaintiffs cannot allege a single conspiracy that flows from pre-August 1999 through post-June 2000.