# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 03-0950 DOC (JTL)                              Date: May 1, 2008

Title: ECHOSTAR SATELLITE CORP., et al. v. NDS GROUP PLC, et al.

---

DOCKET ENTRY

[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____  Deputy Clerk: _____

---

PRESENT:
### THE HONORABLE DAVID O. CARTER, JUDGE

__Kristee Hopkins__                              ___Not Present___
Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                      NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER RE APPLICATION OF "LAST OVERT ACT"
DOCTRINE TO FEDERAL CLAIMS

        The "last overt act" doctrine recognized by the Ninth Circuit is different from that of California courts. *See Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) ("In a misguided attempt top reach time-barred conduct, plaintiffs contend that California law should govern the accrual of their cause of action . . ..").  In *Gibson* the Circuit recognized that "'[i]njury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy.'" *Id.* (quoting *Kadar Corp v. Milbury*, 549 F.2d 230, 234 (1st Cir. 1977)).  Therefore, "plaintiffs may recover only for the overt acts . . . that they specifically allege to have occurred within the three-year period." *Id.*  Thus, the mere allegation of a conspiracy does not allow Plaintiff to reach back in time to overt acts occurring outside of the statutory period.  *See State Farm Mut. Auto Ins. Co. v. Ammann*, 828 F.2d 4, 5 (9th Cir. 1987) ("A corollary rule is that damages may not be recovered for injuries as a result of acts committed outside of the limitations period." (citing *Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1302 (9th Cir. 1986)) (Kennedy, J. concurring).  The Ninth Circuit rule merely stands for

---

the unsurprising proposition that the overt acts occurring within the statutory period are not barred by the statute of limitations because others occurred outside of the statutory period. This rule, of course, would not allow Plaintiffs to reach back to conduct occurring prior to June 2000.

Rather than argue the Ninth Circuit's application of this doctrine, Plaintiffs argue that the doctrine of "continuing copyright infringement" applies to their claims under the Copyright Act. "In a case of continuing copyright infringements, an action may be brought for all acts that accrued within three years preceding the filing of the suit." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481-82 (9th Cir. 1994) (collecting cases). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Id.* at 481.

Plaintiffs now claim that their cause of action for copyright infringement did not "accrue" until the December 2000 postings. This is not what the Court held in its July 26, 2005 Order in this case. Instead the Court found that Plaintiffs' 17 U.S.C. § 1201(a)(1)(A) claim accrued on November 3, 1998 and that their § 1201(a)(2) claims accrued no later than July 23, 1999. Accordingly, the claims had accrued more than three years prior to the institution of this suit. However, the Court also held that each incident of hacking and/or reprogramming constituted an independent wrong, which warranted allowing Plaintiffs to proceed on all claims arising from conduct occurring after June 6, 2000.

Therefore, Plaintiffs' DMCA claims were timely to the extent that they arose after June 6, 2000. Neither the "last overt act" or "continuing copyright infringement" doctrines change this outcome.

The Clerk shall serve this minute order on all parties to the action.