T. WADE WELCH & ASSOCIATES
Chad M. Hagan (*pro hac vice*)
2401 Fountainview, Suite 700
chagan@twwlaw.com
Houston, Texas 77057
Telephone:  (713) 952-4334
Facsimile:   (713) 952-4994

DLA PIPER US LLP
David A. Grenardo (State Bar No. 223142)
Cynthia A. Ricketts (*pro hac vice*)
david.grenardo@dlapiper.com
cindy.ricketts@dlapiper.com
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 595-3031
Facsimile: (310) 595-3331

Attorneys for Plaintiffs
ECHOSTAR SATELLITE CORP., et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., et al.,<br><br>              Plaintiffs/<br>              Counterclaim<br>              Defendants,<br><br>      v.<br><br>NDS GROUP PLC, et al.,<br><br>              Defendants/<br>              Counterclaim<br>              Plaintiffs. | No. SA CV 03-950 DOC(JTL)<br><br>**PLAINTIFFS' OBJECTIONS TO THE FINAL JURY INSTRUCTIONS**<br><br>Date:   May 9, 2008<br>Dept:  Judge David Carter<br>         Courtroom 9D |

**Plaintiffs' Objections To The Final Jury Instructions**

Plaintiffs EchoStar Satellite L.L.C. f/k/a EchoStar Satellite Corporation, EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively, "EchoStar" or "Plaintiffs") hereby submit their written objections to the Court's jury instructions.   The Court and the parties engaged in several conferences regarding the jury instructions off-the-record during the course of the four (4) weeks of trial.  As a result of those conferences, Plaintiffs submitted briefing on several issues related to scope and language of the jury instructions, including:

- EchoStar's Trial Memorandum Regarding the Geographic Parameters and Scope of Claims [Docket No. 1030.]

- EchoStar's Trial Brief Regarding Disgorgement Damages [Docket No. 1032.]

- Supplemental Trial Memorandum Addressing Geographic Scope of Plaintiffs' Damages [Docket No. 1043.]

- Memorandum Objecting to Defendants' Proposed Canadian Law Jury Instruction ("Memorandum re Canadian Law Jury Instruction") [Docket No. 1044.]

- EchoStar's Response to NDS's Trial Brief re Plaintiffs' Untimely and Time-Barred New Damages Theory Seeking Disgorgement or NDS's Profits From Its 1999 Contract With DirecTV ("Response to NDS's Brief re Disgorgement") [Docket No. 1063.]

- EchoStar's Trial Brief Regarding Applicability of the Last Overt Act Doctrine in Tolling Relevant Statutes of Limitations ("Brief re Last Overt Act Doctrine") [Docket No. 1073.]

- Second Supplemental Trial Memorandum Regarding the Applicability of the California Penal Code to Out of State Damages ("Second Supplemental Trial Memorandum") [Docket No. 1074.]

- Plaintiffs' Motion for Judgment as a Matter of Law [Docket No. 1089.]

1        The Court did not hold a separate conference on the record out of the jury's

2   presence in advance of instructing the jury pursuant to Rule 51(b)(2).   Plaintiffs

3   therefore reiterate their objections to the following jury instructions for the reasons

4   contained herein, the reasons outlined in Plaintiffs' previous briefs, Plaintiffs'

5   Separate Proposed Jury Instructions [Docket No. 942], Objections to Defendants'

6   Jury Instructions [Docket No. 971], Plaintiffs' Notice of Filing Proposed Jury

7   Instructions [Docket No. 1041], and Plaintiffs' Notice of Filing Proposed Jury

8   Instruction re Prejudgment Interest [Docket No. 1065], as well as the reasons

9   discussed with the Court during the numerous conferences with the parties

10  concerning jury instructions during the course of the trial.

11      • **Jury Instruction:  Reverse Engineering and Piracy**

12       An instruction to the jury with the definition of Reverse Engineering and

13  Piracy is not necessary, is contrary to the applicable law, and will confuse and

14  mislead the jury as to the law.  The statutes under which Plaintiffs assert their

15  claims define for the jury the conduct that is unlawful and for which Plaintiffs seek

16  damages from Defendants.  Moreover, the Instruction states that "Regardless of the

17  term used, the true test is to determine whether a party obtained a commercial

18  advantage through illegal conduct."  However, Plaintiffs' Digital Millennium

19  Copyright Act ("DMCA") §§ 1201(a)(1)(A) and (a)(2) claims, Communications

20  Act, 47 U.S.C. § 605(a), claim, California Penal Code §§ 593(d) and (e) claims, and

21  Racketeer and Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C.

22  § 1962(c) claim (based on 18 U.S.C. § 1029) do not require a finding that

23  Defendants obtained a commercial advantage through their conduct.  This

24  Instruction is contrary to the law and incorrectly instructs the jury; therefore it is

25  likely to confuse or mislead the jury and should not have been given.  *See Gambini*

26  *v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007) (Reversible error

27  where jury instructions failed to "fairly and adequately" cover the issues presented

28  and to state the law correctly, and therefore were ultimately misleading).

- **Jury Instruction: Decryption of U.S. Satellite Signal in Canada**

    None of Plaintiffs' claims require the jury to first determine whether Defendants' conduct in Canada was illegal pursuant to Canadian law. 17 U.S.C. §§ 1201(a)(1)(A), (a)(2); 47 U.S.C. § 605(a); Cal. Pen. Code §§ 593d(a), e(b); 19 U.S.C. § 1962(c); 17 U.S.C. § 506; 18 U.S.C. § 1029. Rather, all of Plaintiffs' claims arise from Defendants' violations of U.S. and California law. *Id.*; *see also* Fifth Amended Complaint. Providing an instruction on the state of Canadian law during the time periods relevant to this litigation when the legality of Defendants' conduct under Canadian law is not an issue will confuse and mislead the jury; therefore, this Instruction should not have been given. *See* Plaintiffs' Memorandum re Canadian Law Jury Instruction [Docket No. 1044].

- **Jury Instruction: Damages Sought By Plaintiffs**

    This Instruction states that Plaintiffs are not seeking damages for (1) lost profits for the piracy of ROM 2, 10, or 11 cards; (2) lost profits due to free-to-air piracy; or (3) statutory damages due to free-to-air piracy or piracy of ROM 2, 10 or 11 cards. However, it does not instruct the jury that in calculating Plaintiffs' actual damages, it may consider the compromise of these cards, and necessity of swapping them out, due to Defendants violations of the DMCA, the Communications Act, the RICO Act, and/or the California Penal Code. Therefore, this Instruction may confuse or mislead the jury.

- **Jury Instructions: Digital Millennium Copyright Act – 17 U.S.C. § 1201(a)(1)(A) Contributory Liability; Digital Millennium Copyright Act – 17 U.S.C. § 1201(a)(2) Contributory Liability; Racketeer Influenced and Corrupt Organizations Act – 18 U.S.C. § 1962(c) Predicate Acts**

    The standard for contributory liability for Plaintiffs' claims misstates the standard for contributory copyright violation. Pursuant to the standard set forth by the Supreme Court in *Metro-Goldwyn Mayer Studios, Inc. v. Grokster*, a defendant

1    is liable for a contributory copyright violation if the defendant intentionally or

2    knowingly induces, causes, encourages, or materially contributes to the

3    circumvention of a technological measure by third parties.  *See* 545 U.S. 913, 930

4    (2005) (holding that a party "infringes contributorily by intentionally inducing or

5    encouraging direct infringement."); *see also Ellison v. Robertson*, 257 F.3d 1072,

6    1076 (9th Cir. 2004) ("One who, with knowledge of the infringing activity,

7    induced, causes or materially contributes to the infringing conduct of another may

8    be liable as a 'contributory' copyright offender.").  Contrary to the standard given

9    to the jury in these Instructions, Plaintiffs are not required to establish, by a

10   preponderance of the evidence, that Defendants have actual knowledge that a

11   copyright violation occurred.  *Id*.  Because these Instructions misstate the standard

12   for contributory liability and thus the law, they will confuse or mislead the jury.

13   Over Plaintiffs' objections, the Instructions should have instead reflected the

14   *Grokster* standard but failed to do so.

- **Jury Instructions:  Digital Millennium Copyright Act – 17 U.S.C.
  § 1201(a)(1)(A) – Time Restriction; Digital Millennium Copyright Act –
  17 U.S.C. § 1201(a)(2) – Time Restriction**

18        The time restriction Instructions for Plaintiffs' DMCA claims limit Plaintiffs'

19   damages to violations that occurred on June 6, 2000 or later.  However, as Plaintiffs

20   advised the Court, the Instructions should have included a "Tolling" instruction that

21   permitted the jury to award damages to Plaintiffs based on Defendants' violations

22   that occurred prior to June 6, 2000.  *See* Response to NDS's Brief re Disgorgement

23   [Docket No. 1063] and Brief Re Last Overt Act Doctrine [Docket No. 1073].

24        Federal courts have consistently recognized the applicability of a "continuing

25   infringement" doctrine to claims under the Copyright Act.  The Ninth Circuit has

26   held that plaintiffs alleging a continuing violation of the Copyright Act may sue for

27   "all acts that accrued within the three years preceding the filing of the suit." *Kourtis*

28   *v. Cameron*, 419 F.3d 989, 999-1000 (9th Cir. 2005) (emphasis added).  A cause of

action is said to accrue when a plaintiff "knew or should have known that infringement had occurred." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1147 (N.D. Cal. 2007).  To successfully assert an affirmative defense based on the Copyright Act's statute of limitations, then, defendants must produce evidence that plaintiffs were "on notice of all the elements" of the violation before the limitations period started.  *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 634 (S.D. Cal. 1993) (finding claims were timely filed where defendant had failed to show sufficient prior knowledge).  Here, the last act of "continuing infringement" (the last overt act) – which in this case is the circumvention of Plaintiffs' Conditional Access System – occurred in December 2000.  Under the "continuing infringement" doctrine, Plaintiffs' federal law claims did not accrue until Plaintiffs knew or should have known that circumvention had occurred. Plaintiffs could not have known of Defendants' circumvention until Defendants posted Plaintiffs' code on the Internet in December 2000.  Even if it is assumed that this is when Plaintiffs should have known that the circumvention occurred, Plaintiffs' claims, filed in June 2003, are timely.  The last overt act in Defendants' conspiracy is also the date under which Plaintiffs' copyright claims accrued under the "continuing infringement" doctrine under federal law.

Therefore, the jury should have been instructed that it may award damages to Plaintiffs for Defendants' conduct before June 6, 2000 if the jury finds that Defendants were engaged in a conspiracy to violate the DMCA and Communications Act, pursuant to the last overt act/continuing violation doctrine. *See Gambini*, 486 F.3d at 1093.

- **Jury Instructions:  Digital Millennium Copyright Act §§ 1201(a)(1)(A) –
  Actual Damages; Digital Millennium Copyright Act §§ 1201(a)(2) –
  Actual Damages; Communications Act – 47 U.S.C. § 605(a) – Actual
  Damages**

    The Instructions on these three claims did not properly instruct the jury to
determine and award to Plaintiffs Defendants' profits attributable to Defendants'
violations of these statutes.  These Instructions thus are contrary to the law.  Under
the statutes' plain language, Plaintiffs are entitled to damages that include the
profits Defendants derived from their violations of the statutes.  17 U.S.C. § 1203;
47 U.S.C. § 605(c).  Plaintiffs thus are entitled to, and seek disgorgement of
Defendants' profits from their contract with DirecTV usurped through Defendants'
violations of, *inter alia*, the DMCA and the Communications Act.  *See* Plaintiffs'
Response to NDS's Trial Brief re Plaintiffs' Untimely and Time-Barred New
Damages Theory Seeking Disgorgement or NDS's Profits From Its 1999 Contract
With DirecTV ("NDS's Disgorgement Trial Brief") [Docket No. 1063].  Although
this contract pre-dates June 6, 2000, because Plaintiffs' DMCA and
Communications Act claims should be tolled according to the last overt
act/continuing violation theory as Plaintiffs previously advised the Court, the jury
may properly consider this contract in calculating Plaintiffs' recoverable damages.
*See supra* pp. 5-6; *see Gambini*, 486 F.3d at 1093 (9th Cir. 2007).

- **Jury Instructions:  California Penal Code § 593d(a) – Tolling; California
  Penal Code § 593e(b) – Tolling**

    These instructions indicate that the jury may consider conduct that occurred
in or after 1999 in calculating Plaintiffs' damages if the last overt act in furtherance
of a conspiracy to commit a violation of California Penal Code §§ 593d(a) or e(b).
However, a jury could find that Defendants' conduct in violation of the California
Penal Code dates back to 1998.  (TR. EX. 98 (The Headend Report was completed
in 1998); Pizzo Trial Testimony, 4/24/08, Vol. 1, p. 78:1-6 (Pizzo, aka "xbr21,"

1   stated that he first saw EchoStar's code on the Internet in 1998.)  Therefore, the

2   tolling instruction should state that Defendants may be liable for conduct that

3   violates California Penal Code §§ 593d(a), e(b) that occurred in or after 1998 if the

4   last act in furtherance of the conspiracy to commit a violation of California Penal

5   Code §§ 593d(a), e(b) occurred on or after June 6, 2000.

6   • **Jury Instruction:  California Penal Code § 593e(b) – Punitive Damages**

7       This Instruction instructs that jury that it may award punitive damages if it

8   finds that "NDS" violated California Penal Code § 593e(b).  However, it is not

9   clear from this Instruction that the jury may award punitive damages where only

10  one of the two NDS-entities violated California Penal Code § 593e(b).  The

11  Instruction should state that the jury may award punitive damages if one or both

12  Defendants violated California Penal Code § 593e(b).

13  • **Jury Instructions: California Uniform Trade Secrets Act (CUTSA) –**

14      **California Civil Code § 3426; California Uniform Trade Secrets Act**

15      **(CUTSA) – California Civil Code § 3426 – Trade Secret; California**

16      **Uniform Trade Secrets Act (CUTSA) – California Civil Code § 3426 –**

17      **Improper Means**

18      As this Court ruled in its Order Re Rule 50 Motions, Defendants have not

19  established any damages on their California Uniform Trade Secrets Act (CUTSA)

20  Counterclaim.  Order Re Rule 50 Motions at 15 [Docket No. __].  Damages are an

21  essential element of Defendants' CUTSA claim.  Cal. Civ. Code. § 3426; *Unilogic,*

22  *Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 628 (1992).  Indeed, without

23  proving damages, Defendants' CUTSA claim fails.  *Id.*  Because Defendants

24  CUTSA claim fails as a matter of law, the jury should not have been instructed

25  regarding Defendants' CUTSA claims.  *See Gambini*, 486 F.3d at 1093.

26      Moreover, the only conduct that Defendants allege violates § 3426 is

27  Plaintiffs' alleged acquisition of a CD of documents that occurred in Canada, and

28  the alleged receipt of stolen documents by an employee of NagraStar that occurred

1  wholly outside the state of California.  (Ereiser Trial Testimony 4/22/08 Vol. II, p.

2  38:25-39:15; Guggenheim Trial Testimony 04/18/08, Vol. I p. 99:12-25; p. 131:12-

3  14; p. 132:24-25; Gee Trial Testimony 04/24/08, Vol. IV p. 39:5-12).  There is no

4  evidence that Plaintiffs engaged in <u>any</u> wrongful conduct in California, even in

5  preparation or furtherance of the misappropriation, such that the California Civil

6  Code would be applicable to Defendants' claim.  *See Diamond Multimedia Systems,*

7  *Inc. v. Superior Court*, 19 Cal. 4th 1036, 1040-41, 1059-60 (1999).  Therefore,

8  Defendants' CUTSA claim fails and the jury should not receive any instructions

9  regarding this counterclaim.

10      For the reasons contained herein, and the reasons outline Plaintiffs' previous

11  briefs, objections, and proposed Jury Instructions, Plaintiffs object to the Final Jury

12  Instructions noted above.

13  DATED:  May 9, 2008

14                              Respectfully submitted,

15                              **DLA PIPER US LLP**

16

17

18                              By: s/Cynthia A. Ricketts
19                              Cynthia A. Ricketts
                               Attorneys for Plaintiffs
20                              ECHOSTAR SATELLITE CORPORATION,
                               ECHOSTAR COMMUNICATIONS
21                              CORPORATION, ECHOSTAR TECHNOLOGIES
22                              CORPORATION, AND NAGRASTAR L.L.C.

23  Additional Counsel:

24  **T. WADE WELCH & ASSOCIATES**
    T. Wade Welch (*pro hac vice*)
25  David M. Noll (*pro hac vice*)
    2401 Fountainview, Suite 700
26  Houston, Texas 77057
    Telephone:  (713) 952-4334
27  Facsimile:   (713) 952-4994

28

---

Plaintiffs' Objections To The Final Jury Instructions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DLA PIPER US LLP**
David A. Grenardo (State Bar No. 223142)
Cynthia A. Ricketts (*pro hac vice*)
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 595-3031
Facsimile: (310) 595-3331