1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
                                    FILED
                           CLERK, U.S. DISTRICT COURT

                               MAY 1 5 2008

                           CENTRAL DISTRICT OF CALIFORNIA
                           BY                        DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ECHOSTAR SATELLITE CORPORATION, ET. AL., | ) | CASE NO. SA CV 03-0950 DOC(JTLx) |
| Plaintiffs, | ) | |
| -v- | ) | GIVEN JURY INSTRUCTIONS |
| NDS GROUP PLC, ET. AL., | ) | |
| Defendants, | ) | |

**JURY INSTRUCTION NO. _1_**

**STATEMENT OF THE CASE**

The plaintiffs in this case are EchoStar Satellite Corporation, EchoStar Communications Corporation, EchoStar Technologies Corporation (collectively referred to as "EchoStar"), and NagraStar LLC. EchoStar is a multi-channel video provider, providing video, audio, and data services to customers via satellite under the name "DISH Network." Using an encryption system provided in part by NagraStar, EchoStar encrypts its broadcast signal to prevent unauthorized viewers from viewing various programmers' copyrighted programming content, such as HBO and Showtime.

The defendants and counter-claimants in this case are NDS Americas, Inc. and NDS Group PLC (collectively referred to as "NDS"). NDS provides encryption systems for digital television providers to prevent the unauthorized reception and viewing of satellite television broadcasts. NagraStar and NDS are competitors. The encryption systems they provide are generally referred to as Conditional Access Systems.

Plaintiffs allege NDS violated the following laws: the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(l) and 1201(a)(2); the Communications Act of 1934, 47 U.S.C. § 605(a); the Racketeer Influenced and Corrupt Organizations

1

Act ("RICO"), 18 U.S.C. § 1962(c); and the California Penal Code §§ 593d(a), 593e(b). Plaintiffs claim that NDS violated these laws by hacking Plaintiffs' Conditional Access System, creating a distribution network of pirated EchoStar access cards and posting on the Internet information and codes for the EchoStar security system that allegedly provided instructions on how to hack Plaintiffs' security system. Defendants deny Plaintiffs' allegations.

NDS has asserted a counterclaim against EchoStar. NDS alleges in their counterclaim that Plaintiffs violated the California Uniform Trade Secrets Act, Civil Code § 3426. NDS claims that EchoStar violated this law by obtaining and using confidential internal trade secret NDS documents. Plaintiffs deny Defendants' allegations.

## JURY INSTRUCTION NO. 2

## <u>DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## JURY INSTRUCTION NO. 3

## <u>BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

4

## JURY INSTRUCTION NO. 4

## <u>DAMAGES – PROOF</u>

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on the Plaintiffs' claim(s), you must determine the Plaintiffs' damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture.

## JURY INSTRUCTION NO. 5

## <u>DAMAGES – COMPUTATION</u>

Plaintiffs have multiple claims that allow for damages in the event that you find liability on the claim(s).  You must award damages for each claim separately.  Therefore, in computing damages for a claim you should not consider any damages you may have awarded under other claims.

# JURY INSTRUCTION NO. 6

## <u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

1)      the sworn testimony of any witness;

2)      the exhibits which are received into evidence; and

3)      any facts to which the lawyers have agreed.

# JURY INSTRUCTION NO. _7_

## **STIPULATIONS OF FACT**

The parties and their lawyers agreed at the pre-trial conference that the following facts can be taken as true without further proof:

- Plaintiff EchoStar is a satellite television provider operating under the trade name DISH Network.

- To protect its signal from unauthorized reception ("Signal Theft"), EchoStar scrambles its signal using encryption technology provided by Plaintiff NagraStar.

- Defendant NDS is a direct competitor to NagraStar.

- DirecTV is a satellite television provider.

- To protect its signal from unauthorized reception ("Signal Theft"), DirecTV scrambles its signal using encryption technology provided by NDS.

# JURY INSTRUCTION NO. 8

## <u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence and any facts to which the lawyers have agreed. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In

addition sometimes testimony and exhibits are received only for a

limited purpose; when I give a limiting instruction, you must follow it.

4)    Anything you may have seen or heard when the court was not in

session is not evidence.  You are to decide the case solely on the

evidence received at the trial.

# JURY INSTRUCTION NO. 9

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. _10_

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     the witness's relationship to any of the parties;

6.     whether other evidence contradicted the witness's testimony;

12

7.  the reasonableness of the witness's testimony in light of all the

evidence; and

8.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify about it.

## JURY INSTRUCTION NO. _11_

## IMPEACHMENT OF EVIDENCE

The evidence that a witness has been convicted of a crime or has lied under

oath on a prior occasion may be considered, along with all other evidence, in

deciding whether or not to believe the witness and how much weight to give to the

testimony of the witness and for no other purpose.

## JURY INSTRUCTION NO. *12*

## <u>OTHER ACTS OR ALLEGED WRONGS OF THE DEFENDANTS</u>

You have heard evidence of other acts allegedly engaged in by the Defendants, including evidence regarding other lawsuits with third parties. That evidence is being admitted only for the limited purpose of being considered by you on the questions of Defendants' motive, intent, plan, and identity, and for no other purpose.

## JURY INSTRUCTION NO. *13*

## **FAILURE TO EXPLAIN OR DENY EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence.  Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

16

## JURY INSTRUCTION NO. 14

## <u>FAILURE TO CALL AVAILABLE WITNESS</u>

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

# JURY INSTRUCTION NO. _15_

## <u>FAILURE TO PRODUCE AVAILABLE EVIDENCE</u>

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

# JURY INSTRUCTION NO. *16*

## **WILLFUL SUPPRESSION OF EVIDENCE**

You may consider whether one party intentionally concealed or destroyed evidence.  If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

# JURY INSTRUCTION NO. 17

## <u>USE OF INTERROGATORIES OF A PARTY</u>

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## JURY INSTRUCTION NO. _18_

## **LIABILITY OF CORPORATIONS**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

# JURY INSTRUCTION NO. *19*

## AGENT AND PRINCIPAL - DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  One may be an agent without receiving compensation for services.  The other person is called a principal.  The agency agreement may be oral or written.

## JURY INSTRUCTION NO. 20

## <u>AGENT - SCOPE OF AUTHORITY DEFINED</u>

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

# JURY INSTRUCTION NO. _21_

## <u>WHEN ACT OF AGENT IS ACT OF PRINCIPAL</u>

Any act or omission of an agent within the scope of authority is the act or omission of the principal.  Any act or omission of an agent not within the scope of authority is not the act or omission of the principal.

# JURY INSTRUCTION NO. 22

## DAMAGES SOUGHT BY PLAINTIFFS

The damages sought by Plaintiffs EchoStar and NagraStar in this lawsuit include: (1) all costs and expenses associated with the card swap of all DNASP-II ROM version cards (including ROM 2, 3, 10 and 11) to the DNASP-III (or "Aladin") cards; (2) lost profits due to piracy of the ROM 3 DNASP-II cards; and (3) statutory damages due to piracy of the ROM 3 cards.

The damages sought by Plaintiffs in this lawsuit do not include: (1) lost profits for the piracy of the ROM 2, 10 or 11 cards; (2) lost profits due to free-to-air piracy; or (3) statutory damages due to free-to-air piracy or piracy of ROM 2, 10 or 11 cards.

# JURY INSTRUCTION NO. 23

## CAUSATION

In order to establish that the acts of Defendants NDS Americas or NDS Group, or their agents, deprived Plaintiffs EchoStar or NagraStar of their particular rights under the laws of the United States or California as explained in later instructions, Plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury. Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

# JURY INSTRUCTION NO. 24

## REVERSE ENGINEERING AND PIRACY

Reverse engineering is starting with a known product and working backwards to find the method by which it was developed.  Reverse engineering is legal.  But, when reverse engineering becomes satellite piracy, such conduct is illegal.  Regardless of the term used, the true test is to determine whether a party obtained a commercial advantage through illegal conduct.

# JURY INSTRUCTION NO. 25

## DECRYPTION OF U.S. SATELLITE SIGNAL IN CANADA

The legality in Canada of pirating an encrypted satellite signal originating in the United States was uncertain prior to April 26, 2002.  Before that date, the Supreme Courts of the Canadian provinces of Ontario and British Columbia had ruled that Canadian law did not prohibit the sale or use of devices for decrypting U.S. satellite signals.  Courts in the other provinces of Alberta, Manitoba and Quebec, held that such piracy was illegal under Canada's Radiocomunications Act.  On April 26, 2002, the Supreme Court of Canada found that unauthorized decryption of foreign satellite signals was illegal under the Radiocommunications Act, making that conduct illegal in all provinces.  A portion of the acts alleged in this lawsuit may have occurred within provinces where unauthorized decryption was legal or illegal under Canadian law.  This determination is one for you to make.

# JURY INSTRUCTION NO. 26

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(1)(A)

## DIRECT LIABILITY

Plaintiffs claim that Defendants violated Section 1201(a)(1)(A) of the Digital Millennium Copyright Act by circumventing a technological measure which effectively controlled access to a protected work.

Plaintiffs must prove the following by a preponderance of the evidence:

1)   EchoStar used a technological measure which effectively controlled access to a copyright protected work; and

2)   Defendants circumvented EchoStar's technological measure.

A technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

To "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise avoid, bypass, remove,

deactivate or impair a technological measure without the authority of the copyright owner.

If you find that Plaintiffs have proved both of these elements, you should find Defendants liable for a direct violation of the Digital Millennium Copyright Act Section 1201(a)(l)(A). If, on the other hand, the Plaintiffs have failed to prove either or both of these elements, you should not find Defendants liable for a direct violation of the Digital Millennium Copyright Act Section 1201(a)(l)(A).

# JURY INSTRUCTION NO. 27

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT -17 U.S.C. § 1201(a)(1)(A)

## CONTRIBUTORY LIABILITY

Defendants may also be liable for violations of the Digital Millennium Copyright Act engaged in by others if they knew or had reason to know of the violations and intentionally induced or materially contributed to those violations.

If you find that individuals circumvented Plaintiffs' technological measures, which effectively controlled access to a copyright protected work, you may proceed to consider the Plaintiffs' claim that the Defendants contributorily violated the Digital Millennium Copyright Act.  To prove a contributory violation of the Digital Millennium Copyright Act, Plaintiffs must prove both of the following elements by a preponderance of the evidence:

1)    that Defendants knew or had reason to know of the circumvention; and

2)    that Defendants intentionally induced or materially contributed to the circumvention.

31

If you find that individuals circumvented the Plaintiffs' technological measures, which effectively controlled access to a copyright protected work, and you also find that Plaintiffs have proved both of these elements, you should find Defendants liable for a contributory violation of the Digital Millennium Copyright Act. If, on the other hand, the Plaintiffs have failed to prove either or both of these elements, you should not find Defendants liable for a contributory violation of the Digital Millennium Copyright Act through the acts of others.

# JURY INSTRUCTION NO. *28*

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(1)(A) -

## TIME RESTRICTION

Defendants NDS Group PLC and NDS Americas, Inc. may only be found liable under § 1201(a)(l)(A) of the Digital Millennium Copyright Act for conduct that occurred after October 28, 2000.  However, you may consider conduct by Defendants, Defendants' agents, and others that occurred prior to October 28, 2000 as circumstantial evidence that Defendants violated § 1201(a)(l)(A) of the Digital Millennium Copyright Act by conduct occurring after October 28, 2000.

# JURY INSTRUCTION NO. 29

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(l)(A) -
## TERRITORIAL APPLICATION

The Digital Millennium Copyright Act applies to acts in the United States. Each element of a direct violation must have occurred in the United States for the Digital Millennium Copyright Act to be violated. In addition, Defendants may be found liable for contributory violations based on acts occurring outside the United States if those acts contributed to others' direct violations within the United States. You may also consider any act of circumvention by Defendants, Defendants' agents, or others outside the United States as circumstantial evidence that Defendants violated § 1201(a)(l)(A) of the Digital Millennium Copyright Act within the United States.

# JURY INSTRUCTION NO. *30*

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(l)(A)

## ACTUAL DAMAGES

If you find for Plaintiffs on this claim you must determine the Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Plaintiffs are entitled to recover actual damages as a result of any violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(l)(A). Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants.

## JURY INSTRUCTION NO. *31*

## CLAIM 1:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(1)(A)

## STATUTORY DAMAGES

Instead of actual damages, Plaintiffs may elect statutory damages based on the number of violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A), for which you find Defendants liable.

If you find Defendants liable, you must determine the total number of violations of this statute for which you find Defendants liable. Each violating act of circumvention is considered a separate violation of the statute. Each violation you find has a damages range of $200-$2,500. It is for you to determine the appropriate amount within this range.

# JURY INSTRUCTION NO. 32

## CLAIM 2:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2)

## DIRECT LIABILITY

Plaintiffs claim that Defendants violated Section 1201(a)(2) of the Digital Millennium Copyright Act.  Plaintiffs must prove by a preponderance of the evidence that Defendants:

1)      manufactured, imported, offered to the public, provided, or otherwise trafficked in any technology, product, service, device, component, or part thereof, that:

   a.      is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work;

   b.      has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a copyrighted work; or

    c.    is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a copyrighted work.

A "copyrighted work" is an original work of authorship fixed in any tangible medium of expression, now known or later developed, from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, or a derivative work of the same.

If you find that Defendants manufactured, imported, offered to the public, provided, or otherwise trafficked in such a technology, product, service, device, component, or part thereof, you should find Defendants liable for a direct violation of the Digital Millennium Copyright Act.  If, on the other hand, the Plaintiffs have failed to prove that Defendants manufactured, imported, offered to the public, provided, or otherwise trafficked in such a technology, product, service, device, component, or part thereof, you should not find Defendants liable for a direct violation of the Digital Millennium Copyright Act.

## JURY INSTRUCTION NO. *33*

## CLAIM 2:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2)

## CONTRIBUTORY LIABILITY

Defendants may also be liable for violations of the Digital Millennium Copyright Act engaged in by others if they knew or had reason to know of the violations and intentionally induced or materially contributed to those violations.

If you find that individuals manufactured, imported, offered to the public, provided, or otherwise trafficked in any technology, product, service, device, component, or part thereof, that:

    a.    is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a copyrighted work;

    b.    has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a copyrighted work; or

39

c.   is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a copyrighted work,

you may proceed to consider the Plaintiffs' claim that the Defendants contributorily violated the Digital Millennium Copyright Act. To prove a contributory violation of the Digital Millennium Copyright Act, Plaintiffs must prove both of the following elements by a preponderance of the evidence:

1)   the Defendants knew or had reason to know that others manufactured, imported, offered to the public, provided, or otherwise trafficked in such a technology, product, service, device, component, or part thereof; and

2)   that Defendants intentionally induced or materially contributed to the manufacture, import, offer to the public, provision, or other trafficking in such technology, product, service, device, component, or part thereof.

If you find that individuals manufactured, imported, offered to the public, provided, or otherwise trafficked in such technology, product, service, device, component, or part thereof, and you also find that Plaintiff has proved both of these

elements, you should find Defendants liable for a contributory violation of the Digital Millennium Copyright Act. If, on the other hand, the Plaintiffs have failed to prove either or both of these elements, you should not find Defendants liable for a contributory violation of the Digital Millennium Copyright Act through the acts of others.

# JURY INSTRUCTION NO. _34_

## CLAIM 2:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2) - TIME RESTRICTION

Defendants NDS Group PLC and NDS Americas, Inc. may only be found liable under § 1201(a)(2) of the Digital Millennium Copyright Act for conduct that occurred after June 6, 2000. However, you may consider conduct by Defendants, Defendants' agents, and others that occurred prior to June 6, 2000 as circumstantial evidence that Defendants violated § 1201(a)(2) of the Digital Millennium Copyright Act by conduct occurring after June 6, 2000.

# JURY INSTRUCTION NO. 35

## CLAIM 2:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2) - TERRITORIAL APPLICATION

The Digital Millennium Copyright Act applies to acts in the United States. Each element of a direct violation must have occurred in the United States for the Digital Millennium Copyright Act to be violated. In addition, Defendants may be found liable for contributory violations based on acts occurring outside the United States if those acts contributed to others' direct violations within the United States. You may also consider any act of circumvention by Defendants, Defendants' agents, or others outside the United States as circumstantial evidence that Defendants violated § 1201(a)(2) of the Digital Millennium Copyright Act within the United States.

## JURY INSTRUCTION NO. _36_

### CLAIM 2:

### <u>DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2)</u>

### <u>ACTUAL DAMAGES</u>

If you find for Plaintiffs on this claim you must determine the Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Plaintiffs are entitled to recover actual damages as a result of any violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2). Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants.

## JURY INSTRUCTION NO. _37_

## CLAIM 2:

## DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1201(a)(2)

## STATUTORY DAMAGES

Instead of actual damages, Plaintiffs may elect statutory damages based on the number of violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), for which you find Defendants liable.

If you find Defendants liable, you must determine the total number of violations of this statute for which you find Defendants liable. Each violating act of circumvention is considered a separate violation of the statute. Each violation you find has a damages range of $200-$2,500. It is for you to determine the appropriate amount within this range.

# JURY INSTRUCTION NO. 38

## CLAIM 3:

## COMMUNICATIONS ACT - 47 U.S.C. § 605(a)

Plaintiffs claim that Defendants violated § 605(a) of the Communications Act by receiving or assisting others in receiving EchoStar's encrypted programming without authorization.

Plaintiffs must prove the following requirements by a preponderance of the evidence:

1)   EchoStar programming signals were interstate or foreign satellite communications;

2)   Defendants did one or more of the following:

    a.   Intercepted EchoStar programming signals; or

    b.   Received EchoStar programming signals knowing that they were intercepted; or

    c.   Received and decrypted EchoStar programming signals; or

      d.    Assisted another to receive and decrypt EchoStar programming signals.

3)    EchoStar did not authorize the interception or receipt of any EchoStar programming signals described in number 2 of this Instruction; and

4)    Defendants used EchoStar programming signals described in number 2 of this Instruction for its benefit or for the benefit of another.

"Interstate satellite communications" means satellite signals crossing state lines in the United States.  "Foreign satellite communications" include satellite signals that cross countries.

# JURY INSTRUCTION NO. 39

## CLAIM 3:

## COMMUNICATIONS ACT - 47 U.S.C. § 605(a) - TIME RESTRICTION

Defendants NDS Group PLC and NDS Americas, Inc. may only be found liable under § 605(a) of the Communications Act for conduct that occurred after June 6, 2000.  However, you may consider conduct by Defendants, Defendants' agents, and others that occurred prior to June 6, 2000 as circumstantial evidence that Defendants violated § 605(a) of the Communications Act by conduct occurring after June 6, 2000.

## JURY INSTRUCTION NO. 40

## CLAIM 3:

## COMMUNICATIONS ACT - 47 U.S.C. § 605(a)

## ACTUAL DAMAGES

If you find for Plaintiffs on this claim you must determine the Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Plaintiffs are entitled to recover actual damages as a result of any violation of the Communications Act, 47 U.S.C. § 605(a).  Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants.

## JURY INSTRUCTION NO. 4/

## CLAIM 3:

## COMMUNICATIONS ACT - 47 U.S.C. § 605(a)

## STATUTORY DAMAGES

Instead of actual damages, Plaintiffs may elect statutory damages based on the number of violations of the Communications Act, 47 U.S.C. § 605(a), for which you find Defendants liable.

If you find Defendants liable, you must determine the total number of violations of this statute for which you find Defendants liable. Each violation you find has a damages range of $1,000-$10,000. It is for the jury to determine the appropriate amount within this range.

## JURY INSTRUCTION NO. 42

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) - MULTI-CHANNEL VIDEO OR INFORMATION SERVICES; UNAUTHORIZED CONNECTIONS; DESCRAMBLERS

Plaintiffs claim that Defendants violated California Penal Code § 593d(a). Plaintiffs must prove the following by a preponderance of the evidence:

1)   EchoStar is a multi-channel video or information services provider; and

2)   For purpose of intercepting, receiving, or using any program or other service carried by EchoStar that Defendants were not authorized to intercept, receive, or use, Defendants:

   a.   Knowingly and willfully made or maintained an unauthorized connection or connections, whether physically, electrically, electronically, or inductively, to any component of EchoStar's system or to any other media or receiver attached to EchoStar's system; or

b.   Knowingly and willfully purchased, possessed, attached, caused to be attached, assisted others in attaching, or maintained the attachment of any unauthorized device or devices to any component of EchoStar's system or to any media or receiver that is attached to EchoStar's system; or

c.   Knowingly and willfully made or maintained any unauthorized modification or alteration to any device installed with EchoStar's authorization; or

d.   Knowingly and willfully made or maintained any modifications or alterations to an access device that authorizes services provided by EchoStar; or

e.   Knowingly and willfully obtained an unauthorized access device and used the modified, altered, or unauthorized access device to obtain services of EchoStar.

A "multi-channel video or information services provider" is a franchised or otherwise duly licensed cable television system, Direct Broadcast Satellite system, or other system providing video or information services that are distributed via cable, wire, radio frequency, or other media.

## JURY INSTRUCTION NO. 43

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) - MULTI-CHANNEL VIDEO OR INFORMATION SERVICES; UNAUTHORIZED CONNECTIONS; DESCRAMBLERS

## SECONDARY LIABILITY – CONSPIRACY

Plaintiffs alternatively allege that Defendants are liable for violation of California Penal Code § 593d(a) through conspiracy.

A conspiracy is an agreement by two or more persons to commit a wrongful act. The agreement may be express, or it may be inferred from the circumstances such as the nature of the acts taken, relationship between the parties, and the interests of the parties.

A party that conspires with another to violate the law is liable for any resulting violation. Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.

To establish a conspiracy, Plaintiffs must prove the following by a preponderance of the evidence:

1) Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts; and

2) Damage, loss, injury, or harm to Plaintiffs resulted from an act or acts by one or both Defendants done in furtherance of the conspiracy.

A conspiracy may be based on an agreement that is inferred from the circumstances such as the nature of the acts taken, relationship between the parties, and the interests of the parties.

# JURY INSTRUCTION NO. 44

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) - MULTI-CHANNEL VIDEO OR INFORMATION SERVICES; UNAUTHORIZED CONNECTIONS; DESCRAMBLERS

## SECONDARY LIABILITY – AIDING AND ABETTING

Plaintiffs alternatively allege that Defendants are liable for violation of California Penal Code § 593d(a) through aiding and abetting.  A party that aids or abets a violation of the law is liable for the violation.  To prove liability through aiding and abetting, Plaintiffs must prove the following by a preponderance of the evidence:

1)      Defendants knowingly and substantially assisted others in the acts constituting the violation; and

2)      At the time of assistance, Defendants were generally aware that the activity violated the law.

# JURY INSTRUCTION NO. 45

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) - MULTI-CHANNEL VIDEO OR INFORMATION SERVICES; UNAUTHORIZED CONNECTIONS; DESCRAMBLERS

## TERRITORIAL APPLICATION

In order find a violation of California Penal Code § 593d(a), you must find by a preponderance of the evidence that Defendants engaged in any act inside California in execution or part execution of intent to commit a violation of § 593d(a), which resulted in the commission of a violation, either inside or outside California. Part execution means more than de minimis acts toward the eventual completion of the violation.

## JURY INSTRUCTION NO. 46

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) -TIME RESTRICTION

Defendants NDS Group PLC and NDS Americas, Inc. may only be found liable under § 593d(a) of the California Penal Code for conduct that occurred after June 6, 2000. However, you may consider conduct by Defendants, Defendants' agents, and others that occurred prior to June 6, 2000 as circumstantial evidence that Defendants violated § 593d(a) of the California Penal Code by conduct occurring after June 6, 2000.

## JURY INSTRUCTION NO. 47

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) – TOLLING

Although I have instructed you that Defendants are liable only for violations that occurred after June 6, 2000, Defendants may also be liable for conduct that violates California Penal Code § 593d(a) that occurred in or after 1999 if the last act in furtherance of the conspiracy to commit a violation of California Penal Code § 593d(a) occurred on or after June 6, 2000.

## JURY INSTRUCTION NO. _48_

## CLAIM 4:

## CALIFORNIA PENAL CODE § 593d(a) - MULTI-CHANNEL VIDEO OR

## INFORMATION SERVICES; UNAUTHORIZED CONNECTIONS;

## DESCRAMBLERS

## ACTUAL DAMAGES

If you find for Plaintiffs on this claim, you must determine the Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Plaintiffs are entitled to recover actual damages incurred inside or outside the State of California as a result of any violation of California Penal Code § 593d(a).  Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for an injury that was caused by Defendants.

## JURY INSTRUCTION NO. 49

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE
## TELEVISION CONNECTIONS, DEVICES, DECODERS

Plaintiffs claim that Defendants violated California Penal Code § 593e(b). Plaintiffs must prove by a preponderance of the evidence that without EchoStar's authorization, Defendants knowingly and willfully manufactured, imported into this state, assembled, distributed, sold, offered to sell, possessed, advertised for sale, or otherwise provided any device, any plan, or any kit for a device designed in whole or in part to decode, descramble, intercept, or otherwise make intelligible any encoded, scrambled, or other nonstandard signal carried by EchoStar.

# JURY INSTRUCTION NO. 50

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE TELEVISION CONNECTIONS, DEVICES, DECODERS

### SECONDARY LIABILITY – CONSPIRACY

Plaintiffs alternatively allege that Defendants are liable for violation of California Penal Code § 593e(b) through conspiracy.

A conspiracy is an agreement by two or more persons to commit a wrongful act. The agreement may be express, or it may be inferred from the circumstances such as the nature of the acts taken, relationship between the parties, and the interests of the parties.

A party that conspires with another to violate the law is liable for any resulting violation. Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.

To establish a conspiracy, Plaintiffs must prove the following by a preponderance of the evidence:

1)   Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts; and

2)   Damage, loss, injury, or harm to Plaintiffs resulted from an act or acts by one or both Defendants done in furtherance of the conspiracy.

A conspiracy may be based on an agreement that is inferred from the circumstances such as the nature of the acts taken, relationship between the parties, and the interests of the parties.

## JURY INSTRUCTION NO. *51*

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE

## TELEVISION CONNECTIONS, DEVICES, DECODERS

## SECONDARY LIABILITY – AIDING AND ABETTING

Plaintiffs alternatively allege that Defendants are liable for violation of California Penal Code § 593e(b) through aiding and abetting.  A party that aids or abets a violation of the law is liable for the violation.  To prove liability through aiding and abetting, Plaintiffs must prove the following by a preponderance of the evidence:

1)    Defendants knowingly and substantially assisted others in the acts constituting the violation; and

2)    At the time of assistance, Defendants were generally aware that the activity violated the law.

63

## JURY INSTRUCTION NO. 52

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE

## TELEVISION CONNECTIONS, DEVICES, DECODERS

## TERRITORIAL APPLICATION

In order find a violation of California Penal Code § 593e(b), you must find by a preponderance of the evidence that Defendants engaged in any act inside California in execution or part execution of intent to commit a violation of § 593e(b), which resulted in the commission of a violation, either inside or outside California. Part execution means more than de minimis acts toward the eventual completion of the violation.

# JURY INSTRUCTION NO. 53

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) -TIME RESTRICTION

Defendants NDS Group PLC and NDS Americas, Inc. may only be found liable under § 593e(b) of the California Penal Code for conduct that occurred after June 6, 2000.  However, you may consider conduct by Defendants, Defendants' agents, and others that occurred prior to June 6, 2000 as circumstantial evidence that Defendants violated § 593e(b) of the California Penal Code by conduct occurring after June 6, 2000.

# JURY INSTRUCTION NO. 5-4

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) – TOLLING

Although I have instructed you that Defendants are liable only for violations
that occurred after June 6, 2000, Defendants may also be liable for conduct that
violates California Penal Code § 593e(b) that occurred in or after 1999 if the last
act in furtherance of the conspiracy to commit a violation of California Penal Code
§ 593e(b) occurred on or after June 6, 2000.

# JURY INSTRUCTION NO. 55

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE TELEVISION CONNECTIONS, DEVICES, DECODERS –

## ACTUAL DAMAGES

If you find for Plaintiffs on this claim, you must determine the Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Plaintiffs are entitled to recover actual damages incurred inside or outside the State of California as a result of any violation of California Penal Code § 593e(b). Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for an injury that was caused by Defendants.

## JURY INSTRUCTION NO. *56*

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) - UNAUTHORIZED CABLE TELEVISION CONNECTIONS, DEVICES, DECODERS -

## STATUTORY DAMAGES

Instead of actual damages, Plaintiffs may elect statutory damages based on the number of violations of California Penal Code § 593e(b) for which you find Defendants liable.

If you find Defendants liable, you must determine the total number of violations of this statute for which you find Defendants' liable. Each violating act is considered a separate violation of the statute. Each violation you find has a damage range of $500-$10,000. It is for you to determine the appropriate amount within this range.

## JURY INSTRUCTION NO. 57

## CLAIM 5:

## CALIFORNIA PENAL CODE § 593e(b) –

## PUNITIVE DAMAGES

If you find that NDS violated California Penal Code § 593e(b), you may, but are not required to, award punitive damages. The purpose of punitive damages is not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiffs have the burden of proving, by clear and convincing evidence that punitive damages should be awarded and the amount of those damages. You may award punitive damages only if you find that the Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the Plaintiffs' rights if, under the circumstances, it reflects complete indifference to the Plaintiffs' rights, or the Defendants act in the face of a perceived risk that their actions will violate the Plaintiffs' rights. An act or omission is oppressive if the person who performs the act injures or damages or otherwise violates the rights of the Plaintiffs with

69

unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the Defendants conduct and the relationship of any award of punitive damages to any actual harm inflicted on Plaintiffs.

Evidence has been received of Defendants' conduct occurring outside of California. This evidence may be considered in determining whether Defendants' conduct occurring in California was reprehensible, and if so, the degree of reprehensibility. It may also be considered as circumstantial evidence of conduct occurring in California. However, you must not use out-of-state evidence to award the Plaintiffs punitive damages against the Defendants for conduct that occurred entirely outside of California.

## JURY INSTRUCTION NO. *58*

## <u>BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE FOR</u>

## <u>PUNITIVE DAMAGES</u>

When a party has the burden of proof by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard than proof by a preponderance of the evidence. You should always base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 59

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. § 1962(c)

Plaintiffs claim that Defendants violated 18 U.S.C. § 1962(c) by participating in the conduct of the affairs of an enterprise through a pattern of racketeering activity.  In order for you to find Defendants liable on this claim, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  There was an enterprise consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;

2.  The particular Defendants were employed by or associated with the enterprise;

3.  The particular Defendants conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity; and

4.    The enterprise engaged in or its activities in some way affected commerce between two or more states or between the United States and a foreign country.

# JURY INSTRUCTION NO. 60

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT -

## 18 U.S.C. § 1962(c)

## ENTERPRISE

The first element the Plaintiffs must prove is that the alleged enterprise existed.

As used in these instructions, the term "enterprise" includes any group of individuals and corporations associated in fact, although not a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct.

To constitute an enterprise, the entity must meet three requirements:

1.   The entity must have a structure for making decisions. Decisions may be made on a hierarchical or consensual basis. This does not mean that every decision must be made by the same person or group or that the authority to make decisions may not be delegated;

2.    The structure must provide a mechanism for controlling and directing the affairs of the entity on an ongoing continuous basis, rather than on an ad hoc basis; and

3.    The entity must be an organization that exists separate and apart from the alleged pattern of racketeering acts.

Such an association of individuals may retain its status as an "enterprise" even though the membership of the association changes by adding or losing individuals during the course of its existence.  The Plaintiffs claim that the Defendants (along with others) constituted an enterprise.  The Plaintiff is obligated to prove by a preponderance of the evidence that at the time alleged, the Defendants (along with others) were an operating and functioning enterprise with an organizational structure that is separate and apart from the pattern of racketeering acts that are charged.  In considering that issue, you are entitled to consider the differences, divisions, and conflicts among various groups and individuals that have been the subject of the evidence that has been offered in this case to determine whether the Plaintiff has proven the existence of an enterprise by a preponderance of the evidence.  The existence of internal disputes does not necessarily negate the existence of an enterprise.  That is for you to determine.

# JURY INSTRUCTION NO. 61

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT -

## 18 U.S.C. § 1962(c)

## ASSOCIATION

The second element the Plaintiffs must prove is that Defendants were
employed by or associated with the enterprise.

# JURY INSTRUCTION NO. 62

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT -

## 18 U.S.C. § 1962(c)

## PARTICIPATION

The third element that the Plaintiffs must prove is that each Defendant conducted or participated directly or indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

In order for you to find that a particular Defendant participated, directly or indirectly, in the conduct of the enterprise's affairs you must find that NDS Americas, Inc. and/or NDS Group PLC participated in the operation or management of the enterprise.  This means that the particular Defendant had some part in directing the enterprise's affairs.

## JURY INSTRUCTION NO. 63

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT -

## 18 U.S.C. § 1962(c)

## PATTERN OF RACKETEERING ACTIVITY

A pattern of racketeering activity is at least two racketeering acts that have a relationship to each other and to the enterprise and that amount to or pose a threat of continued criminal activity.  Conduct forms a pattern if it consists of criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics.  Sporadic activity or widely separated and isolated criminal activity does not form a pattern of racketeering activity.

The racketeering acts alleged are Criminal Copyright Infringement in violation of 17 U.S.C. § 506 and Fraud and Related Activity in Connection with Access Devices in violation of 18 U.S.C. § 1029.  I will describe the elements of each of the charged racketeering acts in a few minutes.  I instruct you at this time, however, that you must be unanimous as to which racketeering acts have been proved by a preponderance of the evidence before you may find that the third

element of the offense has been satisfied as against a particular Defendant, NDS Americas, Inc. and/or NDS Group PLC.  In other words, there must be at least two specific racketeering acts that all of you find were committed by NDS Americas, Inc. and/or NDS Group PLC in order to find that Defendant liable for violating 18 U.S.C. § 1962(c).

# JURY INSTRUCTION NO. 64

## CLAIM 6:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT -

## 18 U.S.C. § 1962(c)

## EFFECT ON INTERSTATE COMMERCE

The fourth and final element which the Plaintiffs must prove is that the enterprise itself, or the racketeering activities of those associated with it, had some effect upon interstate commerce. This effect on interstate commerce could have occurred in any way, and it need only have been minimal.

It is not necessary for you to find that a Defendant engaged in interstate commerce or that it knew the enterprise was engaged in interstate commerce. Nor is it necessary that the effect on interstate commerce be adverse to commerce. All that is necessary is that the activities of the enterprise affect interstate commerce in some minimal way.

## JURY INSTRUCTION NO. 65

## CLAIM 6:

## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. § 1962(c)

## PREDICATE ACTS

I will now instruct you on the elements of the different racketeering acts alleged by Plaintiffs. As I previously stated, there must be at least two specific racketeering acts that all of you find were committed by a particular Defendant, NDS Americas, Inc. and/or NDS Group PLC, in order to find it liable for violation of 18 U.S.C. § 1962(c). Plaintiffs allege predicate acts under both 17 U.S.C. § 506(a) (Criminal Copyright Infringement) and 18 U.S.C. § 1029 (Misconduct in Connection with Access Devices).

The individuals who are held by law to be responsible for the commission of a crime include those who directly and actively commit or attempt to commit the act constituting the crime.

Plaintiffs claim that Defendants engaged in racketeering activity by infringing copyrights in violation of 17 U.S.C. § 506(a) (Criminal Copyright Infringement), either directly or contributorily. To establish a direct Criminal

81

Copyright Infringement pursuant to 17 U.S.C. § 506(a), Plaintiffs must prove each of the following by a preponderance of the evidence:

1)   That EchoStar's programming contains materials protected by copyrights;

2)   The Defendants willfully infringed those copyrights; and

3)   That Defendants committed copyright infringement for purposes of commercial advantage or private financial gain.

Defendants may also be liable for violations of Criminal Copyright Infringement pursuant to 17 U.S.C. § 506(a) engaged in by others if they knew or had reason to know of the violations and intentionally induced or materially contributed to those violations.  If you find that individuals engaged in Criminal Copyright Infringement, you may proceed to consider whether Defendants contributorily violated 17 U.S.C. § 506(a).  To prove contributory Criminal Copyright Infringement pursuant to 17 U.S.C. § 506(a), Plaintiffs must prove both of the following elements by a preponderance of the evidence:

1)   the Defendants knew or had reason to know of the criminal copyright infringement; and

2)      that Defendants intentionally induced or materially contributed to the criminal copyright infringement.

Plaintiffs also claim that Defendants engaged in racketeering activity by their production, use, or trafficking in counterfeit or unauthorized access devices and device-making equipment, in violation of 18 U.S.C. § 1029 (Misconduct in Connection with Access Devices). To establish a violation of 18 U.S.C. § 1029, Plaintiffs must prove the following by a preponderance of the evidence:

1)      Defendants knowingly and with intent to defraud produced, used, or trafficked in one or more counterfeit access devices;

2)      Defendants knowingly, and with intent to defraud, produced, trafficked in, had control or custody of, or possessed device-making equipment;

3)      Without Plaintiffs' authorization, Defendants knowingly and with intent to defraud solicited a person for the purpose of-

a.      offering an access device; or

b.      selling information regarding or an application to obtain an access device;

4)      Defendants' conduct affected interstate or foreign commerce.

83

"Intent to defraud" means intent to deceive Plaintiffs or others.

"Produce" means to design, alter, authenticate, duplicate, or assemble.

"Traffic" means to transfer to another in any manner or to obtain control of something with the intent to transfer to another in any manner.

"Counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

"Access device" means any card, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or combined with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of money.

"Device-making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

## JURY INSTRUCTION NO. 66

## CLAIM 6:

## RICO – 18 U.S.C. § 1962(c) – ACTUAL DAMAGES

If you find for Plaintiffs on this claim you must determine the Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Plaintiffs are entitled to recover their actual damages as a result of any violations of 18 U.S.C. § 1962(c) occurring after June 6, 1999.  Actual damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants.

# JURY INSTRUCTION NO. 67

## CLAIM 6:

## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. § 1962(c)

## TERRITORIAL APPLICATION – 17 U.S.C. § 506(a)

The predicate act of 17 U.S.C. § 506(a) (Criminal Copyright Infringement) applies to acts in the United States.  Each element of a direct violation must have occurred in the United States for 17 U.S.C. § 506(a) to be violated.  In addition, contributory violations may be found based on acts occurring outside the United States if those acts contributed to others' direct violations within the United States. You may also consider any acts by Defendants, Defendants' agents, or others outside the United States as circumstantial evidence that Defendants violated the predicate act of 17 U.S.C. § 506(a) within the United States.

## JURY INSTRUCTION NO. 68

## CLAIM 6:

## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. § 1962(c)

## TERRITORIAL APPLICATION – 18 U.S.C. § 1029

The predicate act of 18 U.S.C. § 1029 (Misconduct in Connection with Access Devices) applies to acts outside of the United States only if the person violating the act transports, delivers, conveys, transfers to or through, or otherwise stores, secrets, or holds within the United States, any article used to assist in the commission of the offense or the proceeds of the offense or property derived therefrom.

## JURY INSTRUCTION NO. 69

## CLAIM 6:

## RICO – 18 U.S.C. § 1962(c) – TIME RESTRICTION

In order to find a pattern of racketeering activity, you may consider predicate
acts that occurred at any time.  However, at least one predicate act must have
occurred after June 6, 1999.  If you find that no predicate act occurred after June 6,
1999, you cannot find for Plaintiffs on that claim.

# JURY INSTRUCTION NO. 70

## DEFENDANTS' AFFIRMATIVE DEFENSE - FAILURE TO MITIGATE

Defendants have raised the affirmative defense of failure to mitigate damages to all of Plaintiffs' claims against them.  The Plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving the following by a preponderance of the evidence:

1.      that the Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

## JURY INSTRUCTION NO. _7_/

## COUNTERCLAIM 1:

## <u>CALIFORNIA UNIFORM TRADE SECRETS ACT (CUTSA) -</u>

## <u>CALIFORNIA CIVIL CODE § 3426</u>

Defendants claim that Plaintiffs violated the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1.

Defendants must prove the following by a preponderance of the evidence:

1)    Defendants owned confidential information;

2)    That the information was a trade secret;

3)    Plaintiffs misappropriated Defendants' trade secret; and

4)    Plaintiffs' actions damaged Defendants.

The following Instructions provide details on the elements.

90

## JURY INSTRUCTION NO. 72

### COUNTERCLAIM 1:

### CALIFORNIA UNIFORM TRADE SECRETS ACT (CUTSA) -
### CALIFORNIA CIVIL CODE § 3426 - TRADE SECRET

To prove a trade secret, Defendants must prove the following by a preponderance of the evidence:

1) Defendants' information derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and;

2) The information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

"Reasonable efforts" means efforts which would be made by a reasonable business in the same situation, with the same knowledge and resources as Defendants, exercising due care to protect importation information of the same kind. Reasonable efforts can include a combination of instructing employees of the existence of the trade secret, restricting access to the information on a "need to know basis," requiring employees to sign confidentiality agreements, marking

91

documents as confidential, and keeping secret documents in a restricted or secured area, or other actions to protect the information or prevent the unauthorized disclosure of the information.

## JURY INSTRUCTION NO. _73_

### COUNTERCLAIM 1:

### CALIFORNIA UNIFORM TRADE SECRETS ACT (CUTSA) -

### CALIFORNIA CIVIL CODE § 3426 -

### MISAPPROPRIATION

To establish misappropriation Defendants must prove by a preponderance of the evidence that Plaintiffs acquired the trade secret and Plaintiffs knew or had reason to know that the trade secret was acquired by improper means.

# JURY INSTRUCTION NO. 74

## COUNTERCLAIM 1:

## CALIFORNIA UNIFORM TRADE SECRETS ACT (CUTSA) - CALIFORNIA CIVIL CODE § 3426 - IMPROPER MEANS

Defendants claim that Plaintiffs acquired their trade secret information through improper means.

"Improper means" of acquiring a trade secret includes theft, bribery, misrepresentation, breach, or inducement of a breach or a duty to maintain secrecy, or espionage through electronic or other means. Reverse engineering or independent derivation alone are not considered improper means.

# JURY INSTRUCTION NO. _75_

## **DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 76

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## JURY INSTRUCTION NO. _77_

## <u>RETURN OF VERDICT</u>

Verdict forms have been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign, and date it.  Each juror is to sign the verdict form after a unanimous agreement has been reached.  When you have reached a unanimous agreement on all verdict forms, your presiding juror will advise the court that you are ready to return to the courtroom.