O/JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., et al., <br><br> Plaintiff(s), <br><br> v. <br><br> NDS GROUP PLC, et al. , <br><br> Defendant(s). | CASE NO. SA CV03-0950 DOC (JTLx) <br><br> PERMANENT INJUNCTION |

1. WHEREAS, satellite piracy is a substantial and costly problem in the satellite television industry, which harms fair and open competition among satellite television providers;

2. WHEREAS, the United States satellite television industry is limited to two major competitors, DISH Network and DirecTV, both of which, through their satellite security providers, appear to have engaged in unlawful and anti-competitive conduct to varying degrees for the stated purpose of securing their Conditional Access Systems;

3. WHEREAS, the cost of such piracy and unfair competition is ultimately passed on to consumers;

4. WHEREAS, unlawful testing of pirate equipment by actually receiving a competitor's signal without authorization is both piracy and an anti-competitive practice, which contributes to the problem of satellite piracy and ultimately harms satellite television providers and their customers;

5. WHEREAS the actual damage from any single unauthorized connection is minimal but the cumulative damage of many such connections is substantial;

6. WHEREAS, NDS', through employee Christopher Tarnovsky, engaged in such testing in the November 2000 "P1 Test,"

7. WHEREAS, this test violated the Communications Act, 47 U.S.C. § 605(a) and California Penal Code §§ 593d(a) and 593e(b), and thus violated the California Unfair Competition Law, Cal. Bus. & Prof. § 17200, *et seq.*;

8. WHEREAS, such violation is likely to recur if not enjoined, *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 463 (2005), because both parties have admittedly engaged in such testing and indicate that it is pervasive in the satellite security industry;

9. WHEREAS, such violation has no adequate remedy at law, *Hillsborough v. Cromwell*, 326 U.S. 620, 622, 66 S. Ct. 445 (1946), because the incremental harm of one unauthorized connection is difficult to calculate and does not reflect the cumulative damage of all such connections;

10. WHEREAS, the hardship to EchoStar of having individuals make unauthorized and unlawful connections to its system is greater than the hardship to NDS of complying with State and Federal law in engaging in security testing, *N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir.2007) (citations omitted);

11. WHEREAS, the public's interest in fair and open competition among competitors and reasonable prices for satellite television service weighs in favor of enjoining illegal testing, *id.*.

12. WHEREAS, EchoStar is entitled to an injunction based on the above findings, *id*;

13. WHEREAS, such injunction must be narrowly tailored to remedy the harm proved at trial, *Natural Resources Defense Council, Inc. v. Winter*, 508 F.3d 885, 886 (9th Cir.

1  2007) (citing *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)).

IT IS HEREBY ORDERED:

NDS Group, PLC, its parents, subsidiaries, partners, joint venturers, or other associated entities, their assigns, successors, trustees, receivers, or any of their owners, principals, officers, directors, executives, employees, contractors, consultants, agents, attorneys, or anyone acting in concert with any of them, or anyone else with notice of this Order, is hereby ENJOINED AND PROHIBITED from engaging in any of the following or assisting others in any of the following:

1. Intercepting or receiving, anywhere in the United States, or assisting anyone in the United States in intercepting or receiving, EchoStar's satellite television signal without authorization;

2. In the State of California, for the purpose of intercepting or using EchoStar's signal, making an unauthorized connection to EchoStar's satellite television system, connecting or assisting another in connecting an unauthorized device to EchoStar's satellite television system, making unauthorized modifications to an authorized device, or obtaining and using an unauthorized device to gain access to EchoStar's signal; or

3. Manufacturing, assembling, or possessing a device, in the State of California, designed to decode EchoStar's signal without authorization.

IT IS SO ORDERED.

DATE: October 15, 2008

_[signature: David O. Carter]_
DAVID O. CARTER
United States District Judge