O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  SACV 03-950 DOC(JTLx)            Date: December 8, 2008

Title: Echostar Satellite Corp., et al. v. NDS Group PLC, et al.

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
           Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION FOR ATTORNEY'S FEES

       Before the Court is Defendant Stanley Frost's (Defendant) Motion for Attorney's Fees and (the "Motion").  The Court finds this matter appropriate for decision without oral argument.  FED. R. CIV. P. 78; Local R. 7-15.  After reviewing the moving and responsive papers, and for the reasons set forth below, the Court hereby DENIES the Motion.

## I. BACKGROUND

       Stanley Frost ("Frost") was joined in this action on March 19, 2004 when Echostar filed its Second Amended Complaint ("SAC").  In the SAC, Echostar charged Frost with participating in a scheme in which NDS would allegedly recruit hackers to hack into Echostar's codes before releasing said codes to various distributors, such as Frost, who would then traffic and distribute pirated Echostar access cards.

Frost filed a motion to dismiss the second, third and fourth amended complaints submitted by Echostar in this litigation and he was successful in doing so. As a result, all claims against Frost were dismissed on July 25, 2005. In granting Frost's motion to dismiss the Fourth Amended Complaint ("FAC") for failure to state a claim and statute of limitations grounds, this Court stated, *inter alia*: "the FAC contains no specific allegations of wrongdoing by Frost at all, let alone within the three years prior to naming Frost as a Defendant. As with the other Defendants alleged to have been involved in the distribution scheme, the complaint contains only vague and conclusory allegations about Frost's involvement."

Although Frost was dismissed individually, Frost was asked to testify at trial. The Court found that Frost's actions were so intertwined with NDS that it allowed Frost's invocation of the Fifth Amendment at trial to be used as evidence of NDS's wrongdoing. Frost now seeks over $74,000 in attorney's fees due to his dismissal at the pleading stage.

## II. LEGAL STANDARD

Under the "American Rule," the prevailing party is usually not entitled to attorney's fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835 (2001). "An award of attorneys' fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996); *see also Sea-Land Serv., Inc. v. Murrey & Son's Co.*, 824 F.2d 740, 744 (9th Cir. 1987).

A plaintiff is considered a prevailing party if it succeeds on any significant issue in litigation which gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon,* 532 U.S. 598, 604, 121 S. Ct. 1835 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566 (1992). If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436.

Once the Court has determined that attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "'In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted). Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen*

*Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Id.* (internal quotation marks and citation omitted).

The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

## III. DISCUSSION

The Court finds no reason to depart from the American Rule in this case. Frost's involvement in this litigation did not involve a contract for attorney's fees or exceptional circumstances, such as bad faith, that warrant the imposition of attorney's fees. *Chang,* 95 F.3d at 28. In fact, Frost appears to be requesting attorney's fees for work performed by an NDS attorney and, in light of the Court's concurrent award of attorney's fees to NDS, it would be improper for the Court to make duplicative attorney's fee awards. Further, Frost has not presented the court with any evidence that he paid anything for his attorney's services.

Congress modified the American Rule under the Digital Millennium Copyright Act ("DMCA"), granting the Court permission, in its discretion, to "award reasonable attorney's fees to the prevailing party." 17 U.S.C. § 1203(b)(5). The American Rule was also modified under the Lanham Act, under which courts may only award attorney's fees in "exceptional cases." 15 U.S.C. § 1117(a)(3). The Ninth Circuit considers a case to be exceptional, under the Lanham Act, where the plaintiff's case is "groundless, unreasonable, vexatious or pursue in bad faith." *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997)(citing *Scott Fetzer Co v. Williamson*, 101 F.3d 549 (8th Cir. 1996)). Frost's involvement in this litigation was certainly not exceptional under the Lanham Act and the Court chooses not to exercise its discretion to award attorney's fees under the DMCA.

In making a determination as to whether or not to award attorney's fees under the DMCA, the U.S. Supreme Court has upheld the use of considerations such as "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence'" – "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Hensley v. Eckerhart*, 461 U.S. at 534-35 (1983)(citing *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)); *see also The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003)(stating that "degree of success obtained" is to be considered in addition to the four aforementioned factors in determining whether or not to award

attorney's fees under the DMCA).  In this case, Echostar's DMCA claims against Frost were neither unreasonable nor frivolous.  Indeed, Echostar's DMCA claims against NDS were litigated at trial.  Similarly, the dismissal of the DMCA claims against Frost at the pleading stage, on technical grounds, is not the degree of success necessary to merit the harsh remedy of attorney's fees.  Finally, there is no need to award attorney's fees in this case in order to advance considerations of compensation and deterrence.  This Court, by separate motion, has already awarded substantial attorney's fees to NDS and Frost does not dispute the fact that NDS incurred his attorney's fees.

Under Cal. Penal Code §593d(f)(2), attorney's fees must be awarded to the prevailing party.  However, the CPC does not provide a definition of "prevailing party" to be used in awarding attorney's fees.  In such circumstances, California courts require the court to determine prevailing party status "based on an evaluation of whether a party prevailed 'on a practical level.'"  *Donner Management Co. v. Schaffer*, 142 Cal.App.4th 1296, 1310 (2006)(citing *Gilbert v. National Enquirer, Inc.*, 55 Cal. App.4th 1273, 1277 (1997)).  The Court finds that Frost did not prevail on a practical level given the fact that the complaint against Frost was dismissed at the pleading stage for mere technical reasons, compounded by the facts that Frost has not provided evidence that he paid anything for his legal services and the fact that NDS has already been awarded attorney's fees for its legal services in this litigation – as detailed in a separate order of this Court.

## IV. OUTCOME

For the foregoing reasons, the Motion is DENIED.  The Clerk shall serve this minute order on all parties to the action.