**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 03-950 DOC (JTLx)  Date: March 26, 2009

Title: Echostar Satellite Corp et al. v. NDS Group PLC, et al.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
 Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING MOTION TO CORRECT JUDGMENT

Before the Court is Plaintiffs' Motion to Correct Judgment or, Alternatively, Motion to Amend Judgment (the "Motion"). After considering the moving papers, as well as oral argument by the parties, the Court hereby DENIES the Motion.

## I. BACKGROUND

On December 4, 2008, this Court entered an Order awarding EchoStar attorneys fees and "full costs" of suit (the "December 2008 Order"). On February 13, 2009, this Court entered final judgment in this matter, amending the December 4, 2008 Order by ordering EchoStar to recover "such reasonable costs as will be awarded by the Clerk" (the "Final Judgment"). On February 24, 2009, Plaintiffs brought the instant motion, arguing that the Final Judgment should be corrected or, alternatively, amended to reflect that Echostar was awarded full costs of suit, rather than "reasonable costs" to be awarded by the Clerk, through the December 2008 Order.

## II. LEGAL STANDARD

There are two means of amending a judgment under the Federal Rules of Civil Procedure. Under FED. R. CIV. P. 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." This rule exists to amend "'blunders in execution'" rather than "instances where the court changes its mind." *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993)(citing *Blanton v. Anzalone*, 813 F.2d 1574 (9th Cir. 1987)).

The other means of amending judgement comes under FED. R. CIV. P 59(e), which states: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment" ("Rule 59(e)"). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.' *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)(citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999).

## III. DISCUSSION

Plaintiffs are not entitled to relief under FED. R. CIV. P  60(a), as the Final Judgment was not written in error but, rather, itself corrected an error in the December 2008 Order in that said Order included non-taxable costs. Plaintiffs next argue that the Final Judgment's omission of non-taxable costs is a "manifest error of law" sufficient to support an alteration of judgment under FED. R. CIV. P. 59(e) ("Rule 59(e)"). For the foregoing reasons, this argument also fails.

The term "full costs" is not defined under § 605(e)(3)(B)(iii) of the Communications Act. Many courts have interpreted it to include "taxable costs," however, citing its legislative history and the statutory language. *See, e.g., Kingvision Pay-Per-View Ltd. v. Autar*, 426 F.Supp.2d 59 (E.D.N.Y. 2006)(citing Statement of Sen. Robert W. Packwood, Chairman of Comm. on Commerce, Science, & Transp., 130 Cong. Rec. § 14286 (daily ed. Oct. 11, 1984), as reprinted in 1984 U.S.C.C.A.N. 4742, 4750, 1984 WL 37497 (Leg.Hist.)). However, the legislative history of the Communications Act is not abundant, and there is nothing to indicate that Congress, as a whole, shared the Committee of Commerce, Science and Transportation's intent when it enacted the statute at issue. More importantly, courts have found that while a court may award nontaxable costs under § 605(e)(3)(B)(iii) of the Communications Act, awarding such costs is not mandatory. *See, e.g., International Cablevision, Inc. v. Noel*, 982 F.Supp. 904, 918 (W.D.N.Y.1997)("The legislative history for § 605(e) instructs that the court has the power to direct the recovery of investigative fees, not that the court is required to order such an award.").

      Several factors weigh against awarding non-taxable costs in this case.  As a preliminary matter, EchoStar has not provided sufficient documentation evidencing the non-taxable costs it seeks to recover through an amended judgment.  Furthermore, the Court's Order specifically found that EchoStar may only recover those costs reasonably incurred in establishing NDS's liability for the P1 Test, as that is the only theory upon which EchoStar prevailed at trial – and Plaintiffs have not separated out their costs according to what was expended on establishing NDS's liability for the P1 Test.  Most importantly, Plaintiffs have also not presented authority indicating that full costs must be awarded under the Communications Acts or the California Penal Code *no matter how unreasonable they may be*.  In fact, other courts have specifically reduced non-taxable costs where they appear to be excessive.  *See, e.g.*, *Kingvision Pay-Per-View Ltd. v. Villalobos*, 554 F.Supp.2d 375, 385 - 86 (E.D.N.Y. 2008).  In this case, EchoStar is seeking nearly $3.9 million in non-taxable costs – for items such as the use of lead counsel's private jet – which is well over the amounts awarded in the cases that it cites in support of its proposition that it is entitled to full costs.

      Finally, EchoStar also argues that NDS should not be permitted to file the instant Motion, as it stipulated to an award of full costs, including non-taxable costs, which effectively operated as a waive of any objections to an award of full costs.  Regardless of the merits of this argument, this Court may – and is – by way of the instant Order, clarifying its rulings in both its December 2008 Order and its February 2009 Final Judgment.  Furthermore, the contents of NDS's opposition to the instant Motion do not change the fact that this Court may, and in this case must, deny Plaintiffs' Motion.

## IV. OUTCOME

      For the foregoing reasons, the Motion is DENIED.

      The Clerk shall serve this minute order on all parties to the action.