# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE CORP., et al.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>NDS GROUP PLC, et al.,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. SA CV 03-950 DOC (JTLx)<br><br>**AMENDED FINAL JUDGMENT** |

**AMENDED FINAL JUDGMENT**

On April 9, 2008 a jury trial in this matter commenced and was concluded on May 7, 2008. The jury reached a verdict in this case on May 13, 2008, which was accepted by the Court on May 15, 2008, finding in favor of Plaintiffs EchoStar Satellite L.L.C. (n/k/a DISH Network, L.L.C.), EchoStar Communications Corporation (n/k/a Dish Network Corporation), EchoStar Technologies Corporation (n/k/a EchoStar Technologies, L.L.C.) (collectively "EchoStar"), and Plaintiff NagraStar L.L.C. ("NagraStar", collectively with EchoStar, "Plaintiffs") and against Defendants NDS Group PLC and NDS Americas, Inc. (collectively "NDS") on Plaintiffs' claims under the Communications Act, 47 U.S.C. § 605(a), and the California Penal Code §§ 593d(a) and 593e(b), and on Defendants NDS's counterclaim against Plaintiffs under the California Uniform Trade Secrets Act, California Civil Code § 3426. The jury found in favor of NDS on Plaintiffs' claims for violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(1) and 1201(a)(2), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Plaintiffs' claim for violation of California Business and Professions Code § 17200 was submitted to the Court for determination. After consideration of the evidence, the Court found in favor of Plaintiffs and held that NDS violated section 17200 of the California Business and Professions Code and entered a permanent injunction against NDS [Docket No. 1135].

Both the Communications Act and California Penal Code provide that Plaintiffs may elect between actual damages and statutory damages. Plaintiffs elected to recover statutory damages under the Communications Act, 47 U.S.C. § 605(a), and California Penal Code § 593e(b). Plaintiffs elected to recover actual damages under California Penal Code § 593d(a), which are to be trebled pursuant to statute.

On December 4, 2008, this Court issued an Order [Docket No. 1191] modifying the permanent injunction against NDS and awarding to Plaintiffs EchoStar and NagraStar reasonable attorney's fees of $12,972,547.91 such reasonable costs as will be awarded by the Clerk from Defendants NDS. The Court also awarded to Defendants NDS reasonable

attorney's fees of $8,968,118.90 and no costs from Plaintiffs.

The Court additionally declined to grant attorney's fees to Defendants John Norris, Christopher Tarnovsky, George Tarnovsky, and Stanley Frost.

On February 13, 2009, the Court entered Judgment in this action reflecting the above [Docket No. 1203].

On August 4, 2010, the Ninth Circuit reversed the Court's December 4, 2008 Order on attorney's fees and remanded the action to the Court, instructing the Court to enter judgment awarding Defendants NDS $17,936,237.80 in district court attorney's fees, awarding Defendants NDS reasonable district court and appellate costs, and awarding no district court or appellate attorney's fees or costs to Plaintiffs EchoStar. *EchoStar Satellite Corp. v. NDS Group PLC*, 390 F. App'x. 764 (9th Cir. 2010). On September 7, 2011, the Ninth Circuit granted the application for attorney's fees on appeal filed by Defendants NDS and referred the determination of the appropriate amount of fees on appeal to the Ninth Circuit Appellate Commissioner. On January 17, 2012, the Supreme Court denied EchoStar's petition for writ of certiorari. *EchoStar Satellite LLC. v. NDS Group PLC*, No. 11-712, __ S. Ct. __ (Jan. 17, 2012). On February 3, 2012, the Ninth Circuit issued mandate in this action. On February 6, 2012, the Ninth Circuit granted NDS's motion for appellate costs in the amount of $1,083.70.

Therefore, pursuant to the Ninth Circuit's order, the Court VACATES the Final Judgment entered on February 13, 2009 and ENTERS Amended Final Judgment as follows:

1. Plaintiffs EchoStar and NagraStar recover the sum of $1,500.00 in statutory damages from Defendants NDS.

2. In addition to the above amounts, Plaintiffs EchoStar recover $137.07 in damages from Defendants NDS.

3. In addition to the above amounts, Plaintiffs EchoStar recover restitution in the amount of $284.94 from Defendants NDS.

4. Plaintiffs EchoStar recover no attorney's fees or costs from Defendants

1  NDS.

2      5.    Defendants NDS recover from Plaintiffs EchoStar $17,936,237.80 in
3  attorney's fees incurred before the District Court.

4      6.    In addition to the above amounts, Defendants NDS recover from Plaintiffs
5  EchoStar reasonable district court costs as will be awarded by the Clerk.

6      7.    In addition to the above amounts, Defendants NDS recover from Plaintiffs
7  EchoStar appellate costs of $1,083.70 as granted by the Ninth Circuit on February 6,
8  2012. Defendants NDS also recover from Plaintiffs EchoStar reasonable appellate
9  attorney's fees as determined by the Ninth Circuit.

10     8.    Defendant NDS Group, PLC, its parents, subsidiaries, partners, joint
11 venturers or other associated entities, their assigns, successors, trustees, receivers, or any
12 of their owners, principals, officers, directors, executives, employees, contractors,
13 consultants, agents, attorneys, or anyone acting in concert with any of them, or anyone
14 else with notice of this Order is hereby ENJOINED AND PROHIBITED from engaging
15 in any of the following or assisting others in any of the following:

16     (1)    Intercepting or receiving, anywhere in the United States, or assisting anyone
17         in the United States, in intercepting or receiving, EchoStar's satellite
18         television signal without authorization;

19     (2)    In the State of California, for the purpose of intercepting or using
20         EchoStar's signal, knowingly and willfully making an unauthorized
21         connection to EchoStar's satellite television system, knowingly and
22         willfully connecting or assisting another in connecting an unauthorized
23         device to EchoStar's satellite television system, knowingly and willfully
24         making unauthorized modifications to an unauthorized device, or knowingly
25         and willfully obtaining and using an unauthorized device to gain access to
26         EchoStar's signal; and

27

28

(3) Knowingly and willfully manufacturing, assembling, or possessing a device, in the State of California, designed to decode EchoStar's signal without authorization.

9. Defendants John Norris, Christopher Tarnovsky, George Tarnovsky, and Stanley Frost shall not recover attorney's fees or costs in any amount.

10. Post-judgment interest is payable on all of the above amounts allowable by law at the rate of to be determined by the Clerk (the rate applicable to post-judgment interest on the date of entry of this judgment pursuant to 28 USC § 1961, calculated daily and compounded annually, from the date the judgment is entered until the date this judgment is satisfied).

11. The Court denies all relief not granted in this judgment.

12. This is a FINAL JUDGMENT.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: February 22, 2012

*David O. Carter*
_____
DAVID O. CARTER
United States District Court Judge